[No. 2789. Decided July 26, 1898.]

THE STATE OF WASHINGTON, *on the Relation of Ed. C. Young, Respondent*, v. PETER SMITH *et al., Appellants.*

CITY EMPLOYEES — CIVIL SERVICE — CLASSIFICATION.

A flume tender, whose duty is the custody and care of the flume of a city water works system, and whose employment is of a permanent character is properly classified under civil service regulations in the official service instead of the labor service, when, under such regulations, official service comprises positions of a permanent character and labor service those of a temporary character.

Appeal from Superior Court, Pierce County.—Hon. J. A. WILLIAMSON, Judge. Affirmed.

*Bates & Murray,* for appellants.
*Govnor Teats,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent was a flume tender appointed by the commissioner of public works of the city of Tacoma on the 27th of March, 1897, and immediately went to work thereon at the intake at Clover creek. He had been examined by the civil service commission in its examination for flume tender, and received a standing of the highest eligible, except one, in the examination, and was placed upon the eligible list by the chief examiner of the civil service on March 24, 1897, and so certified to the commissioner of public works previous to his appointment. While so engaged as flume tender he was forcibly ousted from such position by the appellants. The city of Tacoma, by amendment of its charter, in April, 1896, adopted civil service in the appointing and employment of persons to

office and employment, and the civil service commission-ers classified the offices and places with reference to exam-ination. No appointment to any of the said offices and places in the classified service could be made, except ac-cording to the civil service amendment to the charter and the rules and regulations made in accordance therewith. The classification of the civil service was made as " official service " and " labor service"; official service comprising those positions of a permanent character and labor service that of temporary employment. The employment or office designated as " flume tender " was of a permanent charac-ter, and classified by the civil service commission under the official service. The duty of the flume tender was the custody and care of the flume of the water works system, which belonged to, and was operated by, the city.

The only question is, was the service of the respondent properly classified, and was it official? It was permanent, and the duties designated by the city, rather than by con-tract, and we think that it could be so classified. This was the view taken by the superior court, and its judgment is affirmed.

ANDERS and DUNBAR, JJ., concur.