[No. 7369.   Decided September 15, 1908.]

EMMET DORGAN, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE. A shoveler at an ash pit in an engine yard is guilty of contributory negligence, precluding any recovery, and a nonsuit is proper, where it appears that while in the ash pit waiting for the engine to be moved he stood with his back to the engine, out of sight of the driver, and unconsciously placed his hand on the rail near the wheel, so that his fingers were cut off as the engine started to move off, and it appears from his own evidence that he left a place of safety and was not giving attention to his surroundings.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered January 8, 1908, upon granting a nonsuit at the close of plaintiff's case, in an action for personal injuries sustained by a shoveler at an engine ash-pit. Affirmed.

[1]Reported in 97 Pac. 229.

*Boyle, Warburton, Quick & Brockway*, for appellant.

*B. S. Grosscup*, for respondent.

FULLERTON, J.—The ash pit of the respondent railway company at the city of Tacoma is located near its round-house, and within about 200 feet of its main freight track. The pit is about 100 feet long, and a railway track extends over it for its entire length. The track is level with the surface of the ground and is elevated above the bottom of the pit some 4½ feet. The pit is wide enough so that a space five feet wide is left between the railway track over the pit and one side of the pit, along which side is another track on which cars are placed for receiving ashes. When an engine is brought in from the road, it is turned over to employees who take it onto the track over the ash pit, and remove the ashes from the fire box by opening grate doors and letting the ashes fall into the pit from one side and beneath the engine. The ashes are then removed from the pit by shoveling them into cars placed on the track along the side of the pit. The employees who remove the ashes from the engines are commonly called "fire-knockers," and those who remove them from the ash pit, "shovelers." The shovelers, in the performance of their work, have no occasion to go onto the car tracks, nor in front of the engines; they work in the open space between the tracks, and while they occasionally have to take ashes from under the track the process incurs no danger, even when cars are passing over them.

In July, 1905, the respondent employed the appellant to work in the ash pit as a shoveler. He was given no instructions as to the nature of his work, but was simply taken to the pit where a number of others were engaged in similar work, handed a shovel, and told to shovel ashes into the cars. The appellant worked in the pit on the day he was employed, and until four o'clock on the fourth day thereafter. At that hour, the shovelers had cleaned out the pit and were about

to quit work for the day, when an engine was brought by the knockers over the pit for the purpose of emptying it of its ashes. On seeing the engine coming, the appellant called to his co-workers, remarking that they had better wait and shovel out the ashes from this engine so that they would have a clean pit to start with in the morning. One of the shovelers stayed with him.

While the engine was being emptied of its ashes, the appellant stood behind it with his back towards it, holding his hand on the rail immediately behind the wheels of the tender. After the ashes had been removed, the engine was started backwards, and one of the wheels of the tender passed over the appellant's hand, severing the fingers therefrom. The appellant's position was such that the engine driver could not see him when at the throttle of the engine. The appellant knew that the engine would be moved as soon as the ashes were dumped, but took no thought of the direction in which it might be moved; in fact, he says he was unconscious at the time of the fact that he had his hand on the rail. His work did not require him to touch the rail, nor did the moving of engines on this track render his place of work unsafe. His place of work was at the side of the track, and any contact he made therewith was outside of any duty he had to perform. He heard the engine bell ring at the instant the wheel passed over his fingers. No other warning of the purpose to move the engine was given.

This action was brought to recover for the injury suffered. The several acts relied upon in the court below to constitute negligence were, that the respondent permitted incompetent servants to move its engines on and off the ash pit; that it failed to establish any adequate rule as to giving warning when an engine in the yards was about to be moved; that it failed to instruct the appellant as to the rule it had established concerning the giving of warnings; that it moved the engine upon the appellant in this particular instance without

giving any warning whatsoever. On the trial, at the conclusion of the appellant's case in chief, the trial court sustained a challenge to the sufficiency of the evidence, and entered a judgment to the effect that the appellant take nothing by his action, and that the respondent have and recover its costs.

The judgment of the trial court was based on the holding that the appellant was guilty of contributory negligence, and the correctness of this holding presents the only question we have found it necessary to consider on this appeal. We think the court rightly held that the respondent was not entitled to recover. He voluntarily quit a place of safety, which the master had provided for him as a place in which to work, and took a place of danger. He knew that the engine was put over the ash pit for a particular purpose, and that it would be taken away as soon as that purpose was accomplished. He stood with his back to the engine, out of the sight of the engine driver, and in a position where he must inevitably get hurt if the engine moved toward him. He was not giving attention to anything. He was not working, nor absorbed in his work. He was simply waiting for the engine to move so that he could finish his work. That he was paying no attention to his surroundings, his own evidence abundantly shows, and he seems to have been oblivious to them. No doubt he forgot for the moment his situation, but this does not excuse him from the folly of his act. It was his duty to exercise ordinary care for his own safety, and he must bear the brunt of any injury caused by failure on his part to do so. It may be that the respondent would have been liable had the fire-knockers known of his situation and condition and moved the engine upon him, but it is not only shown that they did not know of it but did not even anticipate that he would take a position of danger. If, therefore, it was negligence on their part to move the engine with so little preliminary warning, the appellant is barred of recovery by his own negligence.

This conclusion renders it unnecessary to discuss other questions suggested and argued in the briefs. The judgment is affirmed.

HADLEY, C. J., MOUNT, and ROOT, JJ., concur.