[No. 5386.  Decided March 24, 1905.]

ALBERT O'CONNOR, *Appellant*, v. SOL. G. SIMPSON,
*Respondent.*[1]

CONTRACTS — EMPLOYMENT — EVIDENCE — SUFFICIENCY—NONSUIT.
In an action for services performed at the special instance and
request of the defendant, there is sufficient evidence to put de-
fendant upon his proof, and it is error to grant a nonsuit, where
the undisputed evidence for the plaintiff tended to show that he
was employed by one H as agent of the defendant to do the
assessment work on mines in Alaska, owned by a corporation of
which defendant was president and a stockholder, the defendant
agreeing to advance the money therefor, that the appellant had
worked for a considerable time under such employment, and there
was evidence showing the value of the services, especially where
the trial court did not question the credibility of the witnesses
(Root, J., dissenting).

Appeal from a judgment of the superior court for King
county, Morris, J., entered April 20, 1904, dismissing an
action upon contract, at the close of plaintiff's testimony,
after a trial before the court, a jury being waived. Re-
versed.

*Cooley & Horan,* for appellant.

*Richard Saxe Jones,* for respondent.

CROW, J.—This action was commenced by appellant,
Albert O'Connor, against respondent, Sol. G. Simpson, to
recover a sum alleged to be due for labor performed in
doing certain assessment work, on certain mining claims on
Tuttle Creek, in the District of Alaska, within the Arctic
Circle, which claims were the property of the Cutter Bear
Mining Company, a corporation. It is claimed by appel-
lant that, at a meeting of the stockholders of said company,
held in the office of respondent, in Seattle, Washington. it

[1]Reported in 79 Pac. 1102.

appeared that said company did not have available funds with which to prosecute said assessment work, and that thereupon respondent, who was a stockholder and president of said company, directed and authorized one Hadley, another stockholder, to employ two men, and one Burkman to also employ two men, and to proceed with them to the properties via Nome, Alaska, and do the work, and that he, respondent, would furnish all supplies, would pay the expenses of the men from Nome to the mines and return, and would also pay their wages. It is claimed that, in pursuance of this authority, Hadley, as agent of respondent, employed appellant, who went to the Arctic Circle, and, with others who were under like employment, did the assessment work. The complaint alleges that the work was done by appellant at the special instance and request of respondent, who agreed to pay the reasonable value thereof, alleged to be $700. The answer is a general denial.

Trial was had before the court without a jury. Appellant, having introduced his evidence, rested. Thereupon respondent moved for a nonsuit on two grounds: first, that there was no proof of any hiring of appellant on behalf of respondent; second, that there was no evidence on which the court could find any measure of recovery. The motion for nonsuit was granted, judgment was entered dismissing the action, and this appeal is taken.

We have carefully examined all of the evidence, as disclosed by the statement of facts, and are of the opinion that the court erred in granting the motion and dismissing the action. The evidence is too voluminous to repeat here, but we will say there was undisputed testimony of a number of witnesses tending to show that Hadley was the agent of respondent; that, as such agent, he employed appellant; that appellant worked for a considerable period of time under such employment; and we also think there was

competent evidence showing the value of his services. The learned trial judge, in announcing his reasons for granting the nonsuit, did not base the same on any suggestion whatever of want of credibility on the part of the witnesses; but, accepting the statement of the witnesses as true, seemed to regard the evidence as insufficient to make a case. The question here is not whether the evidence submitted was sufficient to have required the case to be submitted to a jury, had this been a jury trial, but whether it was clearly sufficient to entitle appellant to judgment, being undisputed and uncontradicted. We think that, in the absence of any evidence in rebuttal, appellant established his right to recover, and that he made a case sufficient to put respondent upon proof.

The judgment of the superior court is reversed, and the cause remanded, with directions to grant a new trial.

MOUNT, C. J., RUDKIN, and DUNBAR, JJ., concur.

FULLERTON and HADLEY, JJ., took no part.

ROOT, J. (dissenting)—I feel impelled to dissent from the conclusion announced in this case by the majority of the court. Hadley's agency was created solely by a conversation which occurred at the stockholders meeting, where respondent was present as president and stockholder of the corporation. All there present were stockholders, and they were discussing corporation business. When respondent then and there told Hadley to employ men to do this work, it is quite clear to my mind that he (respondent) was speaking *as an officer of said corporation,* and not in his *individual* capacity. All present were there for the express purpose of considering and dealing with affairs of the corporation. The fact that the corporation treasury was empty, and that respondent agreed to advance the corporation, or for its benefit, the money to pay for this

work, was a business matter between respondent and the corporation, but did not create any contractual relation between respondent (as an individual) and the men employed by Hadley. A man's language must be interpreted in the light of his surroundings, and with special reference to the subject matter under discussion. Sitting in the meeting with other stockholders and officers, and being there for the express purpose of dealing with corporation matters, was it not the natural thing for him to have spoken as such officer, rather than as an individual intending to bind himself personally? As such officer, he was speaking for the 'corporation, whose officers and stockholders were then and there present. I think the trial court was justified in believing that respondent, in his talk with Hadley, was speaking for the corporation, and not as an individual intending to bind himself personally. The assembled stockholders having arranged among themselves that respondent was to furnish the means to pay for the work, then proceeded to hire men to do the work. Because, in doing the latter, their spokesman happened to be the same officer (respondent) who had agreed to furnish the money, makes it no less the act and obligation of the corporation.