[No. 7787. Decided February 18, 1909.]

FIRST NATIONAL BANK OF WENATCHEE et al., Respondents,
v. LEONARD FOWLER et al., Appellants.[1]

APPEAL—NOTICE AND BOND—SEVERAL JUDGMENTS—ACTIONS—CON-
SOLIDATION. But one notice of appeal and appeal bond is necessary
where four actions had been consolidated by a general order of court
and tried as one cause, although four judgments were entered, the
effect of the order being to discontinue the separate cause and cre-
ate a new action, which would not, until vacated, be overcome by
the judgments.

APPEAL—DISMISSAL—DILIGENCE—STATEMENT OF FACTS—BRIEFS—
TIME FOR FILING—EXTENSION. An appeal will not be dismissed for
failure to diligently prosecute it or promptly settle the statement of
facts or file briefs, when the delay was caused by the prosecution
of a mandamus proceeding, following which an order extending
time was entered.

APPEAL—NOTICE—PARTIES IN DEFAULT. It is not necessary to
serve notice of appeal upon a party defendant in default who had
not appeared in the action.

Motion to dismiss an appeal from a judgment of the su-
perior court for Chelan county, Steiner, J.. entered April
3, 1908, in favor of plaintiffs, in consolidated actions on
contract. Denied.

*Bevington & Finch* and *Ira Thomas*, for appellants.

*Reeves & Reeves*, for respondents.

CHADWICK, J.—In the court below four actions, involving
the same subject-matter, were consolidated by order of the
court, in which it is recited:

"And by agreement of parties above named appearing
and representing the parties in each of said causes, as above
indicated, the motions heretofore filed by Leonard Fowler
and Mary B. Fowler, his wife, to consolidate all of said civil
causes referred to as suits numbered 1, 2, 3, and 4, are hereby

[1]Reported in 99 Pac. 1034.

sustained and said causes of action are consolidated in civil cause No.———, said suit No. 3 in which a receiver has been appointed for the Republic Press, and the separate division of the motions filed by said Leonard Fowler and Mary B. Fowler, his wife, to interplead, the defendants named in said cross-complaints, filed in each of said actions are also hereby sustained, and said parties are by this order made defendants in each of said cross actions and in this consolidated action civil cause No. ———, suit No. 3. This order being made by agreement of counsel of record for the parties thus interpleaded is therefore not excepted to by any of the parties."

Whereupon it was stipulated by all parties appearing in said several actions in civil cause No. ———, suit No. 3, that the consolidated action should be submitted on a certain day and in the following manner:

"Upon the pleadings now on file in said several causes of action as consolidated in said suit No. 3, it being understood that the complaints filed by the several plaintiffs in each of said suits is to be considered as evidence and the answers and cross complaints and interpleaders filed by Leonard Fowler and Mary B. Fowler, his wife, are also to be considered as evidence, and the actions thus consolidated are to be submitted on the issues thus joined and the evidence thus submitted under this stipulation."

The action was set down for trial and tried as one case. There was but one subject-matter involved. Action had been begun by the First National Bank of Wenatchee, a corporation, and by George R. Fisher, to recover several items of indebtedness due and owing from the Republic Press, a corporation, and praying for the foreclosure of certain securities. Leonard Fowler and Mary Blanche Fowler, his wife, defendants and cross-complainants, set up in said consolidated action the fact that they had personal interests in the assets of the Republic Press; that they were the owners of certain property taken over by the receiver of that corporation; that they were in fact sureties for the Republic Press, and asked that their relation be so declared by the court, and that the

assets of the Republic Press be marshalled and applied to the payment of the amounts found due the plaintiffs before their property was made subject to execution.

Judgment was rendered by the lower court in favor of plaintiffs; whereupon counsel for defendants prepared and submitted to the court findings of fact and conclusions of law in the consolidated action, all of which were refused by the court. The court thereupon prepared, or caused to be prepared, separate findings and decrees in each case, and they were so entered. Defendants then moved for a new trial, treating the several judgments of the court as one. After entitling their motion and setting out the several causes by name and number, they proceeded with their motion under the caption: "All of said causes having been consolidated in civil cause No. ——, suit No. 2." The order overruling the motion for new trial was under the same title, as well as all subsequent proceedings in the superior court and in this court. This case was brought to this court upon the appeal of defendants and cross-complainants. Motion is now made to dismiss the appeal upon the theory that there are four judgments and but one notice of appeal and one appeal bond.

That it was within the power of the court to order a consolidation we do not understand to be questioned, but it is insisted that the consolidation was only for trial; that is, for the purpose of taking testimony, and that the court properly entered four several judgments under separate titles. The order of consolidation being general, we do not think it would be overcome by the four judgments entered by the court until vacated by an order entered with the same formality as the order of consolidation. Appellants had a right to, as they in fact did, treat it as one action. To hold otherwise would defeat the object of consolidation, which is "to prevent a multiplicity of suits and to relieve the defendant from the unnecessary expense of several actions, when the rights of

the parties may be fully tried in one. It amounts practically to a change in the mode of trial, disposing of several cases by one trial." 4 Ency. Plead. & Prac., 675. The effect of the order when made by consent of the parties is that "they in effect agree that the separate actions shall be discontinued, and a new and distinct action shall be created in which shall be included and litigated all of the questions presented by the pleadings in the former actions. The power and jurisdiction of the court with reference to this new action are the same as though it had been brought in the manner in which actions are ordinarily instituted." 4 Ency. Plead. & Prac., 701.

Respondents cite the case of *Montgomery v. American Central Ins. Co.*, 106 Wis. 543, 82 N. W. 532, to the effect that where separate judgments are entered in a consolidated action, they cannot be reviewed on an appeal by giving one notice and one bond. While this case seems to be in point, yet reference to the Revised Statutes of the state of Wisconsin shows that it has no application here. The decision is based upon a special statute applicable to insurance cases. Its title is, "To prevent the multiplicity of suits against insurance companies." It provides that, should the insured bring suit upon any policy or policies of insurance, he can join as parties defendant any and all insurance companies interested in the loss. It is also specially provided that distinct verdicts shall be rendered and separate judgments entered against each insurance company. Its purpose is manifest—to take all of the testimony in one case and apportion the loss, leaving the case to proceed after verdict and judgment, as distinct actions. Other cases cited by respondents are not in point. They merely hold that, under statutes allowing separate appeals from interlocutory as well as final orders, a review of two or more of such orders cannot be had by filing a single notice and bond. None of them elucidates the rule of practice with reference to consolidated actions. In the case of *Bramell v. Adams*, 146 Mo. 70, 47 S. W. 931,

while no order of consolidation had been made and but one judgment had been entered—here we have the order of consolidation and four judgments—we think the true rule in such cases is declared:

"There was but one trial in the lower court. The same evidence was, by consent, received in all the cases. They were, in effect, treated as one suit. They were, for all practical purposes, consolidated, although no formal order was made for that purpose. . . . We will treat the suits, in passing upon this objection, as one case, as the parties have done for all other purposes, and as if an order of consolidation had been made. We cannot see that appellants have been injured in any manner by the form of procedure, and, in the absence of material error, we are powerless, under the statute, to reverse, even though there may have been a departure from technical precision in the matter complained of by appellants."

This case was before this court upon an application for a writ of mandate to compel the certification of a statement of facts (*State ex rel. Fowler v. Steiner, ante* p. 239, 98 Pac. 609), and if there was no other reason, we should feel warranted in denying this motion, for the matter was treated by all parties in that proceeding as one case. Being convinced that no more than one notice of appeal is necessary in this case, it follows that the objection to the sufficiency of the bond must fall with our ruling upon the notice.

We are also asked to dismiss the appeal for the reasons that it has not been diligently prosecuted, that the statement of facts was not promptly settled, the briefs were not filed within the proper limit of time, and notice of appeal not served on defendant, the Republic Press. The time for appeal began to run April 20, 1908, when the motion for a new trial was overruled. Notice of appeal was given July 2, 1908. The delay in filing the statement of facts and the briefs was occasioned by delay in prosecuting the mandamus proceeding, following which an order extending the time was entered. It was not necessary to serve a notice of appeal on

the Republic Press, as the record shows it to be in default, no proper appearance having been made in its behalf.

The motion to dismiss the appeal being without merit, it is denied.

RUDKIN, C. J., FULLERTON, CROW, and MOUNT, JJ., concur.