[No. 8438. Department One. April 29, 1910.]

ALBERT O'CONNOR, *Appellant*, v. R. C. FORCE,
*Administrator, Respondent*.

J. P. PAULSON, *Appellant*, v. R. C. FORCE,
*Administrator, Respondent*.[1]

APPEAL—RIGHT TO APPEAL—PROCEEDINGS—CONSOLIDATED ACTIONS.
A single appeal from one judgment entered in actions consolidated
for trial may be taken by appellants jointly affected by the judgment.

TRIAL—PROVINCE OF COURT AND JURY—PRIMA FACIE CASE—JUDG-
MENT NOTWITHSTANDING VERDICT. Where, on a former appeal, a
nonsuit is reversed because the evidence made out a *prima facie*
case for the jury, it is error on a retrial, after refusing a nonsuit
because the evidence was substantially the same as on the former
trial, for the trial court to grant a judgment for the defendant not-
withstanding a verdict for the plaintiffs; his power being limited
to the granting of a new trial if the verdict amounted to a mis-
carriage of justice.

APPEAL AND ERROR—DECISION—REMAND—NEW TRIAL. Where,
after a verdict for the plaintiffs, defendant moved for a new trial
and also for a judgment notwithstanding the verdict, and the latter
motion was erroneously granted, the supreme court, on reversing
the case, will remand it with directions to give the defendant the
benefit of his motion for a new trial, since he is entitled to have the
same acted upon.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered April 2, 1909, in favor of the
defendant notwithstanding the verdict of a jury rendered in
favor of the plaintiffs, in consolidated actions on contract.
Reversed.

*Alexander & Bundy* and *Cooley & Horan*, for appellants.
*Richard Saxe Jones*, for respondent.

FULLERTON, J.—These actions were begun separately,
sometime in the year 1901, against one Sol G. Simpson, to
recover for services performed by the respective plaintiffs in

[1]Reported in 108 Pac. 454; 109 Pac. 1014.

doing assessment work on certain mining claims situated in Alaska. They were first tried in 1904, and resulted in judgments of nonsuit at the conclusion of the plaintiffs' evidence, the court holding the evidence insufficient to put the defendant on his proofs. An appeal was taken from one of the judgments, and a stipulation entered into between counsel that the other should abide the result. The judgment appealed from was reversed by this court and remanded for a new trial. *O'Connor v. Simpson*, 37 Wash. 625, 79 Pac. 1102. Pursuant to the stipulation, the other case was reinstated. In the meantime Sol G. Simpson died, and R. C. Force, administrator of his estate, was substituted as defendant in his stead. The cases were thereupon consolidated for the purposes of this trial, by the agreement of counsel, and tried as one case before a jury. The jury returned a verdict in favor of each of the plaintiffs for $542.52. The defendant thereupon moved for a judgment in his favor notwithstanding the verdict. This motion the court granted, entering a single judgment dismissing the actions with prejudice and allowing the defendant his costs. From the judgment, the plaintiffs appeal.

The respondent moves to strike the transcript and statement of facts and dismiss the appeal, on the ground that it is an attempt to bring into the court two separate actions by one appeal in a manner not authorized by the statutes relating to appeals. But without following the argument of the respondent, we do not think the motion well taken. The actions were consolidated for trial, and the respondent contented himself with one judgment entered in the consolidated action, and we think the appellants were well within the statute when they appealed therefrom as a single judgment affecting them jointly. *First Nat. Bank v. Fowler*, 51 Wash. 638, 99 Pac. 1034.

On the merits of the controversy, we think the trial court was in error in granting a judgment notwithstanding the verdict. It is conceded by both the trial judge and counsel

for the respondent that the evidence on the part of the appellants is substantially the same as it was in the former trial, which this court held was sufficient to make a *prima facie* case in their favor. Indeed, so far was the trial judge impressed with this belief that he overruled a motion for nonsuit made by respondent at the close of the plaintiffs' case in chief, stating, as grounds for his ruling, that the evidence was substantially the same as it was at the former hearing. And, again, when the motion was renewed at the close of all the evidence, he made a similar ruling, using this language:

"The court is not called upon at this time to pass upon the weight of the evidence. A prima facie case has been submitted and it is the duty of the court to submit the issue in the first instance, at least, to the determination of the jury. The supreme court, as far as I can see, has held that the proof in the former case which is also before the court on this trial was sufficient to submit it to the jury. . . . It is the province of the jury to pass upon any issue of facts tendered by the pleadings. The supreme court says the issue was proven prima facie by the evidence of the plaintiffs on the former trial and there ought to be a final conclusion of this matter. If I should change in my ruling now it would mean that it would go up to the supreme court and come back for another trial. I will submit the case to the jury."

Our own examination of the records convinces us that the testimony is substantially the same as it was in the former trial. We are still satisfied, also, that the appellants by their evidence made a *prima facie* case. This being so, the trial judge should not have denied them the right of trial by jury on mere contradictory evidence, no matter what his own conclusions may have been as to the weight of the evidence. If in his belief the evidence against the plaintiffs was so far overwhelming as to cause him to feel that the verdict of the jury amounted to a miscarriage of justice, it was his province to set the verdict aside and submit the question to a second jury, but he had no right to take the burden of deciding the facts upon himself. The right of trial by jury is a constitutional right, and is not to be denied a

litigant who insists upon it and complies with the statutes relating thereto.   In this instance, since no new trial was asked for, it was the duty of the court to enter judgment in favor of plaintiffs on the verdicts.

The judgment appealed from will therefore be reversed, and the cause remanded with instructions to enter judgments in favor of plaintiffs upon the verdicts.

Rudkin, C. J., and Gose, J., concur.

## On Petition for Rehearing.

[Decided June 30, 1910.]

Fullerton, J.—Judgments on the verdicts were directed by us at the former hearing of these causes in the belief on our part that no new trial had been asked for by the respondent.   By a supplemental transcript, filed by leave of court, it is made to appear that we were mistaken in this regard, and that in fact such a motion was filed which was not ruled upon by the trial court.   This fact requires a modification of our former order.   The respondent would have been entitled to insist upon his motion for a new trial, and to have the ruling of the trial court thereon, had the court overruled his motion for judgment notwithstanding the verdicts instead of granting it, and he should not be denied this right, since we do not permit the order of the court to stand. In other words, the respondent is entitled now to the same right he would have been entitled had the trial court entered the proper judgment on the motion.

The direction heretofore given as to the form of the judgment will be recalled and the clerk directed to enter an order reversing the judgment appealed from, and remanding the cause with instructions to the trial court to take such further proceedings therein as in its opinion the justice of the case requires.

Rudkin, C. J., Chadwick, and Gose, JJ., concur.

Morris, J., took no part.