[No. 10292.   Department One.   August 20, 1912.]

THE STATE OF WASHINGTON, *on the Relation of W. S. Powell,
Appellant*, v. C. M. FASSETT *et al., Respondents.*[1]

APPEAL AND ERROR—BRIEFS—ASSIGNMENT OF ERRORS. A brief
will not be struck out for failure to clearly assign the errors, where
the errors relied upon are sufficiently indicated.

APPEAL AND ERROR—SEVERAL JUDGMENTS—NOTICE—BOND—SUF-
FICIENCY. One notice of appeal and one appeal bond is all that is
required although there are two judgments dismissing the several
defendants in the case.

MUNICIPAL CORPORATIONS—OFFICERS—SALARIES—LIABILITY. In
*quo warranto* against a city and an incumbent claiming plaintiff's
office, the city is absolved from liability to plaintiff where it had paid
the incumbent the entire salary up to the time of the trial.

QUO WARRANTO—WHEN LIES—WHO ARE "OFFICERS." *Quo war-
ranto* lies in favor of a foreman of construction work, even if he is
not an "officer" as defined by the common law, where the city char-
ter adopts the merit system and applies it to all employees placed
in the civil service list with manifest intent to classify such posi-
tions as offices and to have such officers removable only for cause.

MUNICIPAL CORPORATIONS—CHARTERS—CONSTRUCTION—CIVIL SERV-
ICE. Under Spokane charter adopting the merit system, section 53,
providing that employees in office at the time of the adoption of
the charter shall retain their positions unless removed for cause is
immediately operative, notwithstanding section 120, providing for
a classification of officers and employees which cannot be made
until after the election of commissioners three months after adoption
of the charter.

QUO WARRANTO—PARTIES—PROPER NECESSARY DEFENDANTS. In
*quo warranto* to oust an illegal appointee of the commissioner of
public utilities and to restore the plaintiff to the position and for
damages, the commissioner in his official capacity is a proper party
defendant; since plaintiff is not required to resort to two actions
where one will suffice.

Appeal from a judgment of the superior court for Spo-
kane county, Webster, J., entered February 20, 1912, dis-
missing certain defendants in *quo warranto*, upon sustaining

[1]Reported in 125 Pac. 963.

their demurrers to the complaint, and from a judgment of dismissal entered February 23, 1912, by Bell, J., after a trial on the merits. Reversed.

*E. O. Connor* and *F. B. Morrill*, for appellant.

*A. M. Craven* and *Wm. E. Richardson*, for respondents Fassett *et al.*

*Harris Baldwin*, for respondent Burke.

Gose, J.—This is a *quo warranto* proceeding. The complaint alleges and the record shows, that the city of Spokane is a municipal corporation of the first class; that on December 28, 1910, it adopted a new charter; that the defendant Fassett is, and since the 14th day of March, 1911, has been, commissioner of public utilities of the city; that the plaintiff on the 1st day of July, 1909, was appointed to the position of construction foreman in the water construction department of the city, and continued in that position and performed the duties thereof up to and including the 28th day of January, 1911, at the monthly salary of $125 per month; that the position was placed in the classified civil service by the civil service commission of the city, on the 27th day of April, 1911; that the new charter provides that all employees in office at the time of its adoption shall retain their positions unless removed for cause; that on the 28th day of January, 1911, the plaintiff received a notice from the superintendent of the water department of the city, to the effect that he was "relieved" from duty; that on January 30 said superintendent issued a notice to the effect that the defendant Burke had succeeded the plaintiff as general foreman of construction; that Burke has ever since held the position; that the plaintiff was dismissed without notice and without a hearing, and that his name was stricken from the pay roll of the city. The prayer of the complaint is, that the defendant Burke be ousted; that Fassett as commissioner of public utilities be required to restore the plaintiff to his former position and reinstate his name upon the pay roll of the city;

that the plaintiff have judgment against the defendants for his salary since the day of his removal at $125 per month, "and that said salary be paid to said plaintiff by the city of Spokane and the defendants herein." The defendants the city and Fassett, as commissioners of the public utilities of the city, filed separate demurrers, setting up the first, fourth, sixth, and seventh grounds of the statute, Rem. & Bal. Code, § 259. The demurrers were sustained, and the plaintiff declining to plead further, a judgment of dismissal and for costs was entered on the 20th day of February, 1912. The defendant Burke answered and, after trial, a judgment of dismissal with prejudice and for costs was entered in his favor, on the 23d day of February following. On March 15, the plaintiff served and filed a single notice of appeal from both judgments. On March 18 he filed an appeal bond with appropriate reference to the two judgments.

The respondents have moved (1) to strike the briefs on the ground that the errors are not clearly assigned, and (2) to dismiss the appeal and affirm the judgment because of the appellant's failure to serve and file a separate notice of appeal and a separate appeal bond upon each judgment. Upon the first ground, it suffices to say that we think the errors relied upon are sufficiently indicated to warrant their discussion. The motion to dismiss is without merit. There is but one case and one notice of appeal, and one appeal bond suffices, although there are two judgments. Rem. & Bal. Code, § 719; *First Nat. Bank of Wenatchee v. Fowler*, 51 Wash. 638, 99 Pac. 1034; *O'Connor v. Force*, 58 Wash. 215, 108 Pac. 454, 109 Pac. 1014; *Weatherall v. Weatherall*, 50 Wash. 344, 105 Pac. 822.

In the *Fowler* case, four actions were consolidated for trial, but separate findings and decree were entered in each case. A motion was made to dismiss the appeal because there was but one notice of appeal and but one appeal bond. In denying the motion, we said that the appellant had a right to

treat it as one action, and that "there was but one subject-matter involved."

We need not consider whether the demurrer of the city was properly sustained, as the evidence submitted at the trial shows that the city had then paid the entire salary to Burke up to that time. This absolved it from liability to the appellant to that date. *Samuels v. Harrington*, 43 Wash. 603, 86 Pac. 1071, 117 Am. St. 1075.

The respondents Fassett and Burke contend that *quo warranto* does not lie, because the appellant's position is a subordinate one and not an office within the meaning of the charter or the code, Rem. & Bal., § 1034. The new city charter establishes a commission form of government. Its applicable provisions are as follows:

"Commission, rules and powers: The commission, with the approval of the council, shall make such rules and regulations for the proper conduct of its business as it shall find necessary and expedient. The commission, among other things, shall provide for the classification of all employees, except day laborers and the appointive offices mentioned in sections twenty-four (24), twenty-five (25) and thirty-two (32) of this charter; for open competitive and free examination as to fitness; for a period of probation before employment is made permanent; for an eligibility list from which vacancies shall be filled; and for promotion on the basis of merit, experience and record.

"Employees within the scope of this article who are in office at the time of the adoption of this charter shall retain their positions, unless removed for cause.

"The council may, by ordinance, confer upon the commission such further rights and duties as may be deemed necessary to enforce and carry out the principles of this article." Sec. 53.

"Continuation of existing government and offices: The government and offices existing prior to the adoption of this charter, shall continue until the election and qualification of officers first elected under this charter at the general election in March, 1911.

"The provisions of this charter with reference to elections, recall of elected officers, direct legislation and charter amend-

ments shall be in force from the date of the adoption of this charter. All other provisions of this charter shall become effective on the assumption of office of the commissioners first elected thereunder." Sec. 120.

In adopting the charter, the people of the city made it as plain as written language can make it that the merit system should thereafter obtain. It applies to all employees placed in the classified civil service list, and the manifest intent was to classify such positions as offices, and to have such officers removable for cause only. The charter was in effect when the appellant was relieved from duty without a hearing, and so far as record discloses, without cause. The appellant would probably not be an officer as defined by the common law, but the clear intent of the charter is to afford him all the protection of an officer. The people who created the charter did not intend to give him the right to be retained in office without affording him an adequate remedy if he should be removed in violation of the plain provisions of that instrument. *State ex rel. Young v. Smith,* 19 Wash. 644, 54 Pac. 33.

The respondent Burke argues that section 53 of the charter did not become operative until after the assumption of office by the commissioners first elected. It is true that the commission could not provide for a classification of officers until after the election of the commissioners in March, 1911. Section 53, however, expressly continued in office all employees "who are in office" at the time of the adoption of the charter, unless removed for cause. The clause in § 120, to the effect that "all other provisions of this charter shall become effective on the assumption of office by the commissioners first elected thereunder" means all other provisions applicable to a commission form of government which were to be executed by the commission thereafter to be elected, and was not intended to nullify the clause in § 53 which embraces only those who were in office at the time the charter was adopted.

The contention of the respondent Fassett, that he is not a

proper party defendant, is untenable. The purpose of the information is two-fold. (1) to oust Burke and to require Fassett as commissioner of public utilities to restore the appellant to office, and (2) for damages. The first object can only be accomplished by making Fassett in his official capacity a party defendant. *State ex rel. Heilbron v. Van Brocklin*, 8 Wash. 557, 36 Pac. 495. In interpreting our *quo warranto* statute, Rem. & Bal. Code, § 1034 *et seq.*, the court said in the *Heilbron* case:

"This information is, under the code, a plain statement of the facts (§ 681), and therein is just like a complaint upon any other cause of action; that it is to be filed upon the relation of some one is the only even formal difference between this proceeding and an ordinary civil action."

A litigant is not required to resort to two actions where one will suffice, nor was the appellant required to anticipate at his peril whether the commissioner of public utilities would restore him to office if he obtained a judgment against the intruder. The appellant is entitled to a decree directing the commissioner of public utilities to restore him to office and to reinstate him upon the pay roll of the city, and to a judgment against the respondent Burke for his damages.

Reversed and remanded for further proceedings in conformity with this opinion.

CROW, PARKER, and ELLIS, JJ., concur.


CHADWICK, J. (concurring)—I concur in the judgment of my associates, but I believe it is not out of place to say that this case illustrates one of the inconsistencies of modern tendencies in municipal government. I believe in a freer democracy and a rule of civil service, but I find myself unable to harmonize these theories with the theory of centralized power and authority comprehended in the commission form of government. The first principle of the latter plan is to centralize authority and fix responsibility; to distribute the functions of government among a lesser number of men than

heretofore, and charge them with full responsibility for their conduct, and to recall them if inefficient or corrupt. Now it needs no argument to demonstrate the fact that officers so situated and subject to such hazards should have full power to dispense with the services of any mere employee. It is manifestly unjust to charge a commissioner with responsibility and compel him to depend, in the execution of his plans, upon those who may even be hostile to him and to his ideas. *State ex rel. McReavy v. Burke*, 8 Wash. 412, 36 Pac. 281. Such is the case here. But the same hand that put the principal responsibility upon the commissioner followed it with provisions which tie his hands and shackle his judgment, and when the people in their sovereign capacity adopt both provisions, courts, which are powerless to control legislative policy, should not be called upon to re-write the charter of a self-governing city. There is a science in law-making, and too often, when sentiment is allowed to usurp its place, we find a situation such as is here disclosed.