[No. 10285.   Department One.   September 4, 1912.]

HENRY N. OERTER *et al.*, *Respondents*, v. NICOLAS
GEORGER *et al.*, *Appellants.*

HENRY N. OERTER *et al.*, *Respondents*, v. ROBERT
B. HESKETH *et al.*, *Appellants.*[1]

APPEAL—DUPLICITOUS APPEAL—DISMISSAL.  An appeal will be dis-
missed as duplicitous, where two separate actions, brought by dif-
ferent plaintiffs, upon distinct indemnity bonds against different
defendants, were, upon oral agreement "tried together," and dis-
tinct judgments in different sums entered in each action, where-
upon the defendants in the two actions joined in one notice of ap-
peal from both judgments, giving one appeal and supersedeas bond,
in double the aggregate of the two judgments, and $200 added;
there never having been an order consolidating the two actions.

Appeal from judgments of the superior court for Spo-
kane county, Sullivan, J., entered May 3, 1911, upon find-
ings in favor of the plaintiffs, after a trial on the merits be-
fore the court without a jury, in actions to recover upon re-
straining order bonds.   Dismissed.

*W. C. Donovan*, for appellants.

*Nuzum, Clark & Nuzum, Alex M. Winston*, and *Geo. H.
Armitage*, for respondents.

MORRIS, J.—This appeal is taken from judgments in two
actions brought to recover upon restraining order bonds.
We are met at the outset by respondents' motion to dismiss
the appeal upon the ground that it is duplicitous, being
taken from two separate and distinct judgments in two
separate and distinct actions.   The controlling facts are
these:   On July 13, 1910, the appellants Georger and
Hesketh, as named in the first of these actions, commenced
suit for injunctive relief, against respondents as named in
the first action.   A restraining order was issued upon the
giving of the usual and required bond, upon which appellants

[1]Reported in 126 Pac. 103.

Cardmore and Edman were sureties. In this suit a temporary injunction was denied, and a demurrer to the complaint sustained July 21, 1910. On July 27, 1910, appellant Hesketh, as named in the second of these actions, commenced another suit for injunctive relief, against respondents as named in the second action. A restraining order was likewise granted in this suit, upon the giving of a bond with Cardmore and Edman as sureties. This suit terminated adversely to the plaintiffs on August 29, 1910. No record seems to have been made of this termination; the court before whom the hearing was being had refusing to hear argument upon motions and a demurrer then pending, holding that the restraining order was improvidently issued and that the court was without jurisdiction.

Thereafter the defendants named in the first action, respondents here, commenced an action upon the first bond, to recover attorney's fees and costs incurred in the defense of that action. At the same time they commenced the second of these actions upon the bond given in the second suit for injunctive relief, including in this action a cause of action upon a second bond given in the first action for injunctive relief upon the amending of the complaint and the issuance of a new restraining order. These two actions coming on for trial upon the same day before the same trial judge, it was orally agreed they should be tried together. The only reference in the record to this agreement is this statement of counsel made at the beginning: "There is another case to be tried with this one, also on an injunction bond. We have agreed they should be tried together." Thereupon both cases proceeded to a final determination, separate findings of fact and conclusions of law and separate judgments being entered in each case, to which separate exceptions were taken. The judgment in the action on the first suit was for $100. In the second action the judgment was for $225. Upon the entry of these separate and distinct judgments, motion for a new trial was made in each case, and the same

denied.   Appellants then joined in one appeal from both judgments, and gave one appeal and supersedeas bond for $850, covering double the aggregate of the two judgments with $200 added.

Upon these facts we are of the opinion the motion to dismiss must be sustained.   Each of these judgments is a separate and distinct judgment in separate and distinct actions at law, in which neither the parties nor the issues are the same.   The notice of appeal is joined in by parties who are not parties to the action in which it is attempted to be given, nor affected by the judgment to be reviewed.   All of the parties to the notice are parties in one or the other of the actions, but they are not all parties in each action.   If there can be such a thing as a duplicitous appeal, and that will hardly be doubted, this appeal is such an one.   We are averse to dismissing appeals without a review of the merits of the controversy, believing that each litigant should have the right to have his case heard in every forum provided by the state for the hearing of controversies between its citizens; but we sometimes find our hands so tied we can do nothing to relieve the situation, and must reluctantly announce the law as we find it to be.   We have such a case before us, and can find no escape from the conclusions we have reached.   It is sustained by all the authorities so far as we have found them.   Among them are:  *Wynn v. Tallapoosa County Bank,* 168 Ala. 469, 53 South. 228; *Waters-Pierce Oil Co. v. Van Elderen,* 137 Fed. 557; *Erwin v. Ennis,* 104 Ga. 861, 31 S. E. 444; *Chapman Mfg. Co. v. Taylor,* 61 Ohio St. 394, 55 N. E. 1003; *Walker v. Conn,* 112 Ga. 314, 37 S. E. 403; *Wells v. Coker Banking Co.,* 113 Ga. 857, 39 S. E. 298; *Brown v. Louisville & N. R. Co.,* 117 Ga. 222, 43 S. E. 498.

This exact situation has never been presented to us before.  As, however, illustrating our aversion to dismiss appeals on similar motions, where we could find a loophole for escape, we cite the following cases from our own opinions.   In *First*

*Nat. Bank v. Fowler*, 51 Wash. 638, 99 Pac. 1034, four actions had been consolidated by order of the court. Upon the determination of this consolidated case, one set of findings was presented, which were denied, the court making a finding in each of the cases which he incorporated in a judgment in each case. To these four judgments, one motion for a new trial was made, which was denied, and one appeal was then taken. A motion to dismiss this appeal upon the ground that there were four judgments was denied, for the reason that the order of consolidation being general could not be overcome by the entry of four judgments, until it was vacated by an order of equal formality, and that to hold otherwise would defeat the order of consolidation. It will be noted that, in the cases now before us, there was no order of consolidation; simply an agreement that they be tried together. That this was not understood to be a consolidation of these two actions is apparent from the fact that counsel for both parties presented findings and conclusions in each case with separate judgments.

In *O'Connor v. Force*, 58 Wash. 215, 108 Pac. 454, 109 Pac. 1014, two actions for wages, against the same defendant, were ordered consolidated and one judgment was entered. The motion to dismiss was denied because of the consolidation and the one judgment. In *Weatherall v. Weatherall*, 56 Wash. 344, 105 Pac. 822, two cases, in each of which the plaintiff claiming as a wife was seeking to establish a right in certain property, were tried together as here for the convenience of witnesses and costs. There was, however, but one judgment. The motion to dismiss was made upon the ground that there was but one statement of facts covering the two cases. It was denied upon the ground that, under the agreement to try the cases together, the entry of one judgment acted as a consolidation. In *State ex rel. Powell v. Fassett*, 69 Wash. 555, 126 Pac. 963, a proceeding in *quo warranto* was brought against Fassett, as commissioner of public utilities of Spokane, and George

H. Burke, a construction foreman in the water department. A demurrer was sustained as to Fassett, upon which a dismissal was entered. The case went to trial as to Burke, and was dismissed, and judgment so entered. One appeal covered both these judgments, and it was sustained because there was but one suit. The appeal before us cannot be brought within any of these cases, nor can it be sustained by the application of any reason supporting our opinion in any of them. The jurisdiction of this court must be invoked by separate appeals from separate judgments in separate cases, just as much as the jurisdiction of the lower court is invoked by separate process in each case. There can be no exception to this practice unless it be under circumstances such as were found in our own cases previously noted, where a formal order of consolidation unites the cases in one, or where they, though not formally consolidated, are so treated by the court below and the parties thereto, by the entry of one judgment. This case presents neither of these situations, and it must be so ruled.

The motion to dismiss is granted.

PARKER, CHADWICK, GOSE, and MOUNT, JJ., concur.