[No. 20206.  Department Two.  April 4, 1927.]

A. J. CHAMPAGNE, *Appellant*, v. JOHN BIRNOT *et al.*, *Respondents*, WATT BROTHERS, *Defendants*.[1]

[1] APPEAL (169)—NOTICE—PARTIES IN DEFAULT.  A defendant against whom judgment was taken by default, on his answer admitting the complaint, is not a necessary party to an appeal.

[2] CHATTEL MORTGAGES (24)—ESTOPPEL (35-1)—RECORDING—PRIOR- ITY—ACTS MAKING INJURY POSSIBLE—BILL OF SALE—NECESSITY OF RECORD.  Under Rem. Comp. Stat., § 5827, providing that no bill of sale for the transfer of personal property shall be valid where the property is left in the possession of the vendor unless the bill of sale be recorded within ten days, one who takes a chattel mortgage of a truck from the vendee in a bill of sale three days after its execution, knowing that it had not been recorded and without inquiry as to whether there had been a change of possession, is guilty of negligence in not filing the bill of sale so as to give notice to *bona fide* purchasers from the vendor, who at all times retained the possession; hence, as between his mortgage and title through such unrecorded bill of sale, and a subsequent mortgagee in good faith from the vendor in possession, the former must suffer the loss as the one of two innocent parties whose negligence made the loss possible.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered December 29, 1925, upon findings in favor of the defendants, in an action for the foreclosure of a chattel mortgage, tried to the court.  Reversed.

*F. W. Girand*, for appellant.
*John Pattison*, for respondent.

TOLMAN, J.—Appellant brought this action as plaintiff to foreclose a chattel mortgage on one Sterling three and one-half ton truck, equipped with a steel body and an hydraulic self dump, described as the car formerly owned by one J. H. Haney of Spokane, from

[1]Reported in 254 Pac. 829

whom the mortgagor purchased it, together with other property.

It appears that the mortgage was given to secure a note for $585, dated September 17, 1924, due ninety days after date, the note being payable to one Charles M. Chamberlain, to whom also the mortgage ran. The note and mortgage were assigned by Chamberlain to the appellant before maturity and for value. Besides the mortgagor Birnot, C. O. McAllister and T. S. Hutchinson were made parties defendant, the complaint alleging that those persons had some interest or claim in the Sterling truck, but inferior and subject to the mortgage lien. McAllister defaulted, and Hutchinson by answer and cross-complaint denied the material allegations of the plaintiff's complaint, and set up a mortgage on this identical Sterling truck, together with another truck of similar description, made by McAllister to Hutchinson, dated August 5, 1924, given to secure two notes aggregating $1,350.

After trial upon the merits, the trial court made findings of fact and conclusions of law, and entered a judgment and decree which provided for judgment in favor of Hutchinson and against McAllister for $1,358.11, with interest and attorney's fees, and a judgment in favor of the plaintiff and against Birnot for $585, with interest and attorney's fees, and provided that both mortgages should be foreclosed and that the money realized should first be applied to the satisfaction of the judgment against McAllister and in favor of Hutchinson, and that the overplus, if any, be applied upon the judgment against Birnot and in favor of the plaintiff; or, in other words, the trial court found that the Hutchinson mortgage on this truck was prior in time and in right to the plaintiff's mortgage. From this decree, the plaintiff has appealed.

[1]   Respondent Hutchinson has moved to dismiss

the plaintiff's appeal because no notice of the appeal was served upon the defendant C. O. McAllister, and seems to base this motion upon a supplemental transcript showing that McAllister filed an answer to Hutchinson's cross-complaint in and by which he admitted each and every allegation therein contained. It does not, however, appear that this answer was ever served upon the appellant, nor apparently is there any reason why it should have been. So far as the issue between the appellant and McAllister is concerned, that was concluded by the order of default, and we have consistently held that no service of the notice of appeal upon a party who has been defaulted is necessary. *First Nat. Bank of Wenatchee v. Fowler*, 51 Wash. 638, 99 Pac. 1034.

[2] Coming now to the merits, the Hutchinson mortgage was first in point of time, having been executed and recorded more than a month before the mortgage to Chamberlain, which was afterwards assigned to the appellant, was executed; and it was duly filed for record but three days after its execution. Appellant contends, however, that the filing of that mortgage for record was not notice to him, for the reason that the automobile truck in question was at all times in the possession of Birnot from a time before the giving of either mortgage until after the purchase of the Chamberlain mortgage by the appellant. The evidence seems to bear out this contention, and it is practically admitted that this truck never passed from the possession of Birnot to McAllister. However, it appears, without substantial contradiction, that Birnot took McAllister to Hutchinson, introduced him as one desiring to borrow money, and stated in effect that McAllister owned the trucks and had good right to mortgage them. McAllister at that time had in his

possession, and apparently delivered to Hutchinson, a purported bill of sale of the trucks described in the Hutchinson mortgage, signed by Birnot and another as vendees, which is dated August 2, 1924, and in which the consideration is named as $5,000. This bill of sale, while on a printed form, is marked "duplicate," though that that mark was called to Hutchinson's attention is denied.

The theory of the respondent seems to be that, since the statute requires a bill of sale to be placed of record, where there is no change of possession, within ten days after its execution, therefore during that ten days, title is good in the vendee, although there is no change of possession, and a mortgage or conveyance made by him during that time will pass good title. We do not think the statute has this effect, nor do its terms impart any such intention. The statute reads (Rem. Comp. Stat. § 5827 [P. C. § 7747]).

"No bill of sale for the transfer of personal property shall be valid, as against existing creditors or innocent purchasers, where the property is left in the possession of the vendor, unless the said bill of sale be recorded in the auditor's office of the county in which the property is situated, within ten days after such sale shall be made."

It will be observed that the statute does not undertake to make valid any sale of or bill of sale of personal property where there is no change of possession. The statute means no more than its terms imply, and we are not inclined to add to its meaning by judicial construction or legislation. Indeed, the statute requires no construction, because it can be made to mean only what its plain terms clearly indicate.

The evidence discloses actions on the part of Birnot and McAllister which are wholly inconsistent with the

idea of a valid sale of this truck in good faith by one to the other. It is admitted that McAllister never took possession of the Sterling truck described in appellant's mortgage or attempted or intended to do so; and appellant testified very clearly that, before he purchased the note and mortgage from Chamberlain, he not only examined the record for any mortgage, bill of sale, or other encumbrance or conveyance made by Birnot, and found none, but he further went to Birnot's residence and found the truck to be then actually in his possession, and, indeed, it is admitted that the truck was never out of Birnot's possession. It is at once apparent that one having knowledge that this truck had at all times been in Birnot's possession and that he was exercising dominion and ownership over it, would in searching the records have no other guide than the name Birnot. An innocent party in the market for the purchase of that class of securities would have no reason to look for conveyances or encumbrances made by McAllister, and, indeed, if he had done so, it is doubtful if he could have thus identified the truck in Birnot's possession as being the same one mortgaged by McAllister.

We conclude that Hutchinson was in a position more fully to have protected himself. He knew from the bill of sale exhibited to him that the purported sale had been made but three days before, and that the bill of sale had not been recorded. He could and, if he had been diligent, should have ascertained if there had been a change of possession of the truck from Birnot to McAllister, and if not fully satisfied that the sale was *bona fide* and that possession had passed, he could and should have seen to it that the bill of sale was filed for record. If that had been done, it is apparent that appellant would have had constructive notice, and prob-

ably by his search would have had actual notice, and would not have parted with his money upon the faith and credit of Birnot's possession, apparent ownership, and the failure of the public record to show that he had parted with or encumbered his title. Assuming that both Hutchinson and the appellant are equally innocent, yet, as between the two, Hutchinson took less precautions, was guilty of negligence, and should bear the loss.

It follows that the judgment must be reversed, with instructions to the trial court to enter a decree making appellant's mortgage a first lien upon the particular truck referred to, and providing that, upon foreclosure, the proceeds from the sale of that truck shall first be applied to the satisfaction of appellant's mortgage, with interest, costs and attorney's fees, and the overplus, if any, applied upon the Hutchinson mortgage.

The other features of the judgment have not been questioned and will stand affirmed.

MACKINTOSH, C. J., PARKER, and ASKREN, JJ., concur.