[No. 21638. Department One. June 3, 1929.]

W. T. MARCUSON, *Respondent*, v. FRANK NIXON *et al.,*
*Appellants.*[1]

*Forney & Ponder, Fred M. Bond, Herman Murray,*
*Welsh & Welsh,* and *John I. O'Phelan,* for appellants.
*John J. Langenbach,* for respondent.

BEALS, J.—This is a companion case to that of
*Wheeler v. Nixon, ante,* p. 432, 278 Pac. 156, just de-
cided by this court.

Plaintiff in this action alleged that, during the year
1913, he entered the employ of George H. Reizner, now
deceased, under an agreement that he was to manage
one of Mr. Reizner's moving picture houses for a

[1]Reported in 278 Pac. 157.

weekly compensation, and, in addition, that, if plaintiff remained in Mr. Reizner's employ continuously for fifteen years, he should, at the end of that period, receive a bonus of $4,000. Plaintiff made claim against the estate, and, upon rejection thereof by defendants, the regularly appointed administrators of the Reizner estate, instituted this action. The issues in both this and the *Wheeler* case being made up, the two cases were tried together, judgment being entered in favor of plaintiff for the amount sued for. For a more complete statement of the facts and circumstances, reference is made to the opinion filed in the case of *Wheeler v. Nixon, supra.*

Respondent contends that, in this case, there is no statement of facts before us which we can consider, and that, consequently, the appeal must be determined upon the findings of the trial court and the conclusions of law and judgment entered in accordance therewith.

The issues were separately made up in the two cases. They were called for trial together, the trial judge stating that he presumed the cases were to be jointly tried, as they largely depended on the same evidence. No objection was made to this procedure by counsel for either party, and the cases proceeded to trial as though Messrs. Marcuson and Wheeler were joint plaintiffs. Both sides having rested, the trial court, within a few days, filed its memorandum opinion entitling the same in both cases, and directing the entry of judgment in favor of Messrs. Marcuson and Wheeler. June 16, 1928, findings of fact and conclusions of law were separately entered in each case in favor of the respective plaintiffs, to which exceptions were filed by the defendants. June 23, following, judgment was entered in each action in favor of the plaintiff and against the defendants. July 16, 1928, defendants filed in the office of the clerk of Pacific county

a proposed statement of facts, entitled, "C. W. Wheeler and W. T. Marcuson, plaintiffs, v. Frank Nixon and C. O. Rude, as administrators of the estate of George H. Reizner, deceased, defendants," the proposed statement bearing on the cover the docket numbers of both cases. October 25, 1928, the trial judge certified the proposed statement of facts as filed, no amendments having been proposed thereto, the certificate reciting that the attorneys for the respective parties being present in open court

". . . agreed that the above and foregoing should be signed and settled by the court as the statements of facts in the above entitled action."

Attached to the statement, is an admission of service, entitled in both actions, whereby plaintiff's attorney acknowledged due and legal service of a copy of the statement of facts. Attached to the statement, are also two notices, one entitled in this case and one in the Wheeler case, whereby the respective plaintiffs were informed that the defendants had filed in the office of the clerk of the superior court their proposed statement of facts, each of which notices bears an acknowledgment of service thereof on plaintiff's counsel.

Thereafter the statement of facts, as settled and certified, was, by the clerk of the superior court, under his cover bearing both case numbers, as shown by the files of his court, forwarded to the clerk of this court, who marked the same filed and placed thereon the number which he assigned to the case of *Wheeler v. Nixon, supra.*

Respondent contends that, because only one statement of facts was prepared, and because the same was filed in the case of *Wheeler v. Nixon,* it cannot be considered in connection with the appeal in this action.

In proper cases, the consolidation of actions pending in the superior court for the purpose of trial

is to be commended. Certainly such a case was presented when this action and that brought by Mr. Wheeler were called for trial. Much time and labor on the part of the court and counsel were saved by trying the two cases together, and no possible disadvantage to any one could result from such a course. All parties acquiesced therein, and any objection on the part of any person would, under the circumstances, have been captious in the extreme.

At the time the statement of facts was settled, one of the attorneys of record for this respondent and for Mr. Wheeler, being the attorney who had tried the consolidated cases on behalf of the respective plaintiffs therein, appeared in open court, and, as certified by the trial judge, agreed that the statement of facts should be signed and settled as *statements* of facts in the above entitled action, the statement being entitled in both suits. The statement of facts was filed within the time limited by law and is in all respects complete and regular.

No application was made to this court for the entry of an order directing that the statement of facts be considered as filed in each case or that the two cases be consolidated on appeal. In our opinion, the point urged by respondent in this case is not well taken. To have prepared, filed and certified in the two cases two separate statements of facts, which would necessarily have been identical in every way, would have been a vain and useless thing. Doubtless, the better practice would have been to have moved in this court for an order directing that the statement of facts be considered as filed in each case, but, for the purposes of accomplishing substantial justice, it will be considered that such an order has been entered.

In the case of *First National Bank of Wenatchee v. Fowler,* 51 Wash. 638, 99 Pac. 1034, it appeared that

four cases were consolidated by formal order and tried as one case. After trial, separate findings and decrees were entered in each case, from which an appeal was taken by one notice of appeal and one appeal bond. This court held that the order of consolidation being general, it was not overcome by the four separate judgments later entered, and that appellant was justified in treating the matter as one action.

In the case of *Weatherall v. Weatherall,* 56 Wash. 344, 105 Pac. 822, in which an appeal was taken from a judgment dismissing two cases which had been consolidated for the purpose of trial, the respondent moved to dismiss the appeal because but one statement of facts was served and filed in the two cases. This court, speaking through Judge Gose, says:

"No good would have resulted to the respondents from a separate statement of facts in each case. The statements would necessarily have been duplicates. While the cases were not technically consolidated, they were tried together, and one judgment was entered, thus treating the cases as having been actually consolidated. The objections are technical and raise no question going to jurisdiction. The motion will be denied."

While it is true that, in the case cited, only one judgment was entered, the reasoning of the court applies with equal force to the situation now before us, and the Weatherall case, considered in connection with the case of *First National Bank of Wenatchee v. Fowler, supra,* is authority for our ruling in the case at bar.

Somewhat similar questions were considered in the cases of *O'Connor v. Force,* 58 Wash. 215, 108 Pac. 454, 109 Pac. 1014, and *State ex rel. Powell v. Fassett,* 69 Wash. 555, 125 Pac. 963.

The case of *Oerter v. Georger,* 70 Wash. 110, 126 Pac. 103, Ann. Cas. 1914B 686, does not militate

against our conclusion, as in that case it appears that the appeal attempted to be taken was from two separate and distinct judgments rendered in separate and distinct actions at law, in which neither the parties nor the issues were the same, the notice of appeal having been joined in by parties who were not parties to the action in which the appeal was attempted to be taken, nor affected by the judgment to be reviewed. In the case at bar, entirely separate and distinct appeals were taken. We conclude that the statement of facts as filed, certified and forwarded to this court should be considered as the statement of facts in both cases.

▮ The testimony in the case at bar is of the same general nature as that considered in the case of *Wheeler v. Nixon, supra.* The respondent in this case testified at length, but was, of course, precluded from testifying in support of his own cause of action as to any conversations between himself and the deceased. He did, however, testify on Mr. Wheeler's behalf. Mr. Wheeler very frankly admitted that he did not, at the time he entered Mr. Reizner's employ, have any conversation with him concerning any bonus, and he did not testify as to any statements made by the deceased concerning any extra compensation which was to become due to respondent herein. The testimony of the other witnesses on respondent's behalf is as unsatisfactory as we have found it in connection with Mr. Wheeler's claim. As a rule, the witnesses were vague and indefinite as to just what was said, or when the remarks were made, or who was present at the time, one important witness being even doubtful as to whether some of the statements to which he testified were made by Mr. Reizner or by a third party.

As in the Wheeler case, we hold that the testimony offered by respondent is insufficient to establish the

contract which he alleges was made between himself and the deceased.

Other questions are presented by the record, but, in view of our determination that the evidence is insufficient to support the judgment rendered, no discussion of the other points raised is necessary.

The judgment appealed from is reversed, with instructions to dismiss the action.

FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.