[No. 33100.   Department Two.   March 3, 1955.]

ROY SARGENT, *as Guardian ad Litem of Marlene Sargent, a Minor, Appellant, v. DAGNE SELVAR, as Guardian ad Litem of Jack Selvar, a Minor, et al., Respondents.*

MARSHALL TAYLOR, *as Guardian ad Litem of Patricia Taylor, a Minor, Appellant, v. DAGNE SELVAR, as Guardian ad Litem of Jack Selvar, a Minor, et al., Respondents.*[1]

[1]Reported in 280 P. (2d) 683.

*A. J. Hutton* and *Purvis & Sanchez,* for appellants.

*Frederick B. Cohen* and *John E. Bowen,* for respondents.

HAMLEY, C. J.—The guardians *ad litem* of two minor girls who were injured in an automobile accident brought separate actions to recover damages. The minor boy who was driving the car at the time of the accident, his mother, and his stepfather were named defendants. The cases were consolidated for trial. At the close of plaintiffs' case, the trial court dismissed the actions on the ground that the host-guest statute (RCW 46.08.080 [*cf.* Rem. Rev. Stat., Vol. 7A, § 6360-121]) precluded recovery. A separate judgment for defendants was entered in each cause. Plaintiffs appeal.

But one notice of appeal was served and filed. Respondents move to dismiss the appeal on the ground that the notice of appeal is duplicitous, in that it purports to appeal from one judgment, although two separate judgments were entered. RCW 4.88.030 [*cf.* Rem. Rev. Stat., § 1719] and *Oerter v. Georger,* 70 Wash. 110, 126 Pac. 103, are cited in support of the motion.

RCW 4.88.030 provides, in part, that the appellant in his notice of appeal shall designate with reasonable certainty from what judgment or orders, whether one or more, the appeal is taken. In *Oerter v. Georger, supra,* a single appeal from two judgments was dismissed, where there was no formal order of consolidation, the issues were not the same, and different defendants were involved in each suit.

Here, a formal order of consolidation was entered, and

the same defendants and issues are involved in both actions. The notice of appeal, moreover, makes reference to both superior court cause numbers, although it refers to "judgment" in the singular.

Under the circumstances, the notice of appeal satisfies the cited statute, and the motion is therefore denied. See *First Nat. Bank of Wenatchee v. Fowler*, 51 Wash. 638, 99 Pac. 1034; *Marcuson v. Nixon*, 152 Wash. 437, 278 Pac. 157.

On the merits, the single question presented is whether one who does not have a vehicle operator's license may claim the benefit of the host-guest statute, in defending against a personal injury action, brought by an invited guest.

The undisputed evidence established the following facts: Two girls, fourteen and fifteen years of age, were injured in an automobile accident while riding as invited guests of a fifteen-year-old boy. The boy did not have a vehicle operator's license, being under the statutory age limit. RCW 46.20.030 [*cf.* Rem. Supp. 1947, § 6312-45]. One of the girls knew that the boy did not have such a license, and both girls knew his age. The girls entered the car on private property, but with the understanding that the vehicle would be driven on a public highway. The accident occurred while the car was on the highway.

It was unlawful for the minor respondent to operate the car upon a highway without having a vehicle operator's license in his possession. RCW 46.20.020 [*cf.* Rem. Rev. Stat., Vol. 7A, § 6312-43]. Arguing that the relationship between the driver and his two passengers was thus dependent upon an unlawful act of the driver, appellants contend that the exemption afforded by the host-guest statute was not available to respondents. *Upchurch v. Hubbard*, 29 Wn. (2d) 559, 188 P. (2d) 82, is cited in support of this view.

In the *Upchurch* case, the defendant driver of a parcel post delivery truck permitted an eight-year-old boy to ride on the running board, contrary to state law, city ordinance, and postal regulations. The boy stepped from the running

board while the vehicle was moving, and sustained injuries which resulted in his death.

The defendant there contended that the host-guest statute precluded recovery of damages. In rejecting this contention, we said:

"It was not the purpose of the statute to promote fraud or injustice by permitting one to claim immunity from liability for his negligence on the ground that he occupied a relationship which was exempt from liability, when that very alleged relationship was created by his own unlawful act. We believe that the legislature meant, and that the statute should be construed to mean, that to exempt the owner or operator of a motor vehicle from liability for the injury to, or the death of, a person transported by him, the relationship alleged to exist between the owner or operator and the person transported must be a lawful one, or at least not an unlawful one, nor one dependent for its creation upon some unlawful act of the owner or operator himself. To hold otherwise would make the statute an instrument of gravest injustice, operating not as a shield but as a sword." (pp. 566-567)

Related questions involving the applicability of the host-guest statute have been before this court in two cases since *Upchurch* was decided.

In *Bateman v. Ursich*, 36 Wn. (2d) 729, 220 P. (2d) 314, 18 A. L. R. (2d) 1440, the passengers who were injured were hitchhikers to whom the driver had offered transportation. Both the solicitation of this transportation and the offering of it by the driver, in response to solicitation, were unlawful under the anti-hitchhiking law (RCW 46.60.280 [cf. Rem. Rev. Stat., Vol. 7A, § 6360-100]).

We affirmed a judgment for defendant driver, holding that the host-guest statute applied. *Upchurch v. Hubbard, supra,* was distinguished on the ground that in that case the driver's unlawful act of transporting the passenger was not induced by an unlawful act on the part of the passenger. In the *Bateman* case, on the other hand, the driver's unlawful act was not only induced by the passengers' unlawful act in soliciting rides, but would not have been unlawful but for such solicitation.

In *Hayes v. Brower*, 39 Wn. (2d) 372, 235 P. (2d) 482, 25 A. L. R. (2d) 1431, it was argued that the host-guest statute did not apply, because, at the time of the accident, the driver was violating a statute and a city ordinance prohibiting auto racing on public thoroughfares. In rejecting this contention, we held that the *Upchurch* case was to be distinguished, because in that case the relationship, having come into existence on a public highway, was unlawful *ab initio*. In the *Hayes* case, on the other hand, the relationship had been entered into while the car was on private property and before the illegal auto race on a public thoroughfare had begun.

· In the *Hayes* case, another reason was also advanced why the host-guest statute was not applicable. It was argued that, because the driver had failed to comply with the statute by making application for the issuance of a corrected certificate of license registration after installing a new motor, he was unlawfully operating the car on the highway at the time of the accident. The opinion does not indicate that *Upchurch* was relied upon in connection with this argument, nor is that decision referred to in this section of the *Hayes* opinion. In disposing of this contention, we said:

"The fact that the Brower car was not properly licensed does not require a holding that this circumstance, which had absolutely nothing to do with the accident, would change the status of host and guest existing between Brower and the three injured boys or would, in any manner, increase respondents' responsibility in the premises." (p. 392)

The statute in question reads as follows:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death, or loss, in case of accident, unless the accident was intentional on the part of the owner or operator: *Provided*, That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser." RCW 46.08.080.

In order for this statute to apply, the specified relationship between driver and passenger must have come into

existence. Such relationship is established where the passenger is being transported "as an invited guest or licensee, without payment for such transportation . . ."

██ The relationship, in its inception, carries with it the concept of a gratuitous offer of service by a host or licensor, or a request for such service on the part of a guest or licensee, and an acceptance, followed by the overt act of transportation. *Taylor v. Taug*, 17 Wn. (2d) 533, 136 P. (2d) 176. The relationship is therefore consensual, although not contractual. It follows, as a matter of logic, that, where the evidence is clear, from an examination of the words and acts of the parties, that they intended to enter into the relationship, the fact that the conduct of the driver or passenger may have been unlawful in some particular is wholly irrelevant.

We accordingly depart from the rationale of *Upchurch v. Hubbard, supra,* though we believe that a correct result was there reached. The eight-year-old boy involved in that action was not of such an age as to be a competent party to the formation of a host-guest or licensor-licensee relationship entailing the legal detriments effected by the statute. Because of the boy's youth, the driver had a duty to prevent him from trespassing. See the concurring opinions of Judges Grady and Hill, in *Bateman v. Ursich, supra*; John W. Richards, "Another Decade Under the Guest Statute," 24 Wash. L. Rev. 101, 108.

██ In the case now before us, the evidence is undisputed that the driver and his two passengers intended to enter into a host-guest or licensor-licensee relationship, and that there was no payment for such transportation. It is not contended that the passengers were not of such age as to be competent parties to the formation of such a relationship. The fact that the driver did not have a vehicle operator's license being immaterial, the host-guest statute applies, and appellants are denied a cause of action.

The judgments are affirmed.

MALLERY, HILL, WEAVER, and ROSELLINI, JJ., concur.