[No. 6226. Decided September 10, 1906.]

COOK SAMUELS, *Respondent,* v. THE TOWN OF HARRINGTON, *Appellant.*[1]

OFFICERS—DE FACTO OFFICERS—SALARY—RECOVERY. A municipality which pays the salary of a *de facto* officer while he is in possession of the office is not liable to the *de jure* officer for such salary, on his establishing his right to the office, since reasons of public policy require offices to be filled and prompt payment to be made by the disbursing officers.

ELECTION OF REMEDIES—REPUDIATION—DE FACTO AND DE JURE OFFICERS. A *de jure* officer who has recovered judgment against a *de facto* officer for the salary paid to him, under Bal. Code, §§ 5785, 5788, has elected his remedy and cannot recover the same from the town on failure to collect the judgment.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered December 4, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action by an officer against a municipality to recover a salary. Reversed.

*A. J. Grant, J. T. Mulligan,* and *H. N. Martin,* for appellant.

*H. A. P. Myers,* for respondent.

FULLERTON, J.—On June 20, 1904, the respondent was appointed marshal of the town of Harrington by the authority in whom rested the power of appointment. On August following he qualified for the office by filing his bond and taking the required oath. At that time one James A. Snyder held the office under some claim of right which he thought paramount to the respondent's right, and refused to surrender it on the respondent's demand. The respondent thereupon instituted *quo warranto* proceedings against Snyder, praying that he be ousted and excluded from the office, and that the respondent have judgment against him for the salary of the

[1]Reported in 86 Pac. 1071.

office he had drawn during the time of his wrongful in-
cumbency. The case was not tried until the following De-
cember, practically at the end of the term during which the
respondent was entitled to hold the office by virtue of his
appointment, and the court allowed him a judgment for the
salary accruing during the entire term, which amounted to
three hundred dollars.

In April, 1905, the respondent began the present action
to recover the same salary from the respondent town. The
town for answer denied its liability, and by way of affirma-
tive defense pleaded the proceedings and judgment against
Snyder as an estoppel. The case was tried without a jury,
and resulted in a judgment for the respondent. The town
appeals.

The principal question suggested by the record, namely, is
a municipality which has, before judgment of ouster, paid
to a *de facto* officer the salary of an office due at the time of
payment liable to the *de jure* officer for such salary, has been
a frequent subject of controversy in the courts. Where the
emoluments of the office have been the fees for the services
rendered, the courts have had no difficulty. They hold, with
substantial uniformity, that neither the municipality nor the
person who paid such fees to the *de facto* officer are liable to
the *de jure* officer for their repayment, but that the sole
remedy of the officer *de jure* is against the *de facto* officer;
and in some jurisdictions it is even held that he cannot re-
cover of the *de facto* officer anything more than the reasonable
profits of the office, allowing that officer to retain the actual
value of the services rendered. But where the emoluments of
the office is a salary, the decisions are not so uniform. There
is a well considered line of cases which maintain the doctrine
that the officer *de jure* has a property right in the salary of
the office, and that in consequence any payment to another
person is a wrongful payment, in no way binding upon him.
One of the best of these perhaps is *Rasmussen v. Commis-*

*sioners, Carbon County,* 8 Wyo. 277, where the cases are collected. See, also, Mr. Freeman's note to the case of *Andrews v. Portland,* 10 Am. St. 284 (79 Me. 484, 10 Atl. 458).

But the weight of authority, and we think the better reason, is the other way. On principle there can be no difference between the fees of an office and the salary of an office with respect to the property rights of the officer *de jure* therein. If the right to an office carries with it a property right in the salary of the office, so does the right to the office carry with it a property right in the fees of the office, and the payment of the one to an officer *de facto* is no more a wrongful payment than is the payment of the other. If the premise is sound, the payment in either case is wrongful and in effect no payment, and the person entitled to the fees or salary may at his election pursue either the person making the payment or the person receiving it.

But we think reasons of public policy require that such payments be held valid as to the person or municipality making them. These reasons cannot be better stated than in the language of Andrews, J., in *Dolan v. Mayor,* 68 N. Y. 274, 23 Am. Rep. 168, where it is said:

"If fiscal officers, upon whom the duty is imposed to pay official salaries, are only justified in paying them to the officer *de jure,* they must act at the peril of being held accountable in case it turns out that the *de facto* officer has not the true title; or, if they are not made responsible, the department of the government they represent is exposed to the danger of being compelled to pay the salary a second time. It would be unreasonable, we think, to require them, before making payment, to go behind the commission and investigate and ascertain the real right and title. This, in many cases, as we have said, would be impracticable. Disbursing officers, charged with the payment of salaries, have, we think, a right to rely upon the apparent title, and treat the officer who is clothed with it as the officer *de jure,* without inquiring whether another has the better right.

"Public policy accords with this view. Public offices are created in the interest and for the benefit of the public; such, at least, is the theory upon which statutes creating them are enacted and justified. Public and individual rights are, to a great extent, protected and enforced through official agencies, and the state and individual citizens are interested in having official functions regularly and continuously discharged. The services of persons clothed with an official character are constantly needed. They are called upon to execute the process of the courts and to perform a great variety of acts affecting the public and individuals. It is important that the public offices should be filled, and that at all times persons may be found ready and competent to exercise official powers and duties. If, on a controversy arising as to the right of an officer in possession, and upon notice that another claims the office, the public authorities could not pay the salary and compensation of the office to the *de facto* officer, except at the peril of paying it a second time, if the title of the contestant should subsequently be established, it is easy to see that the public service would be greatly embarrassed and its efficiency impaired. Disbursing officers would not pay the salary until the contest was determined, and this, in many cases, would interfere with the discharge of official functions."

See, also, *State ex rel. Greeley County v. Milne,* 36 Neb. 301, 54 N. W. 521, 38 Am. St. 724, 19 L. R. A. 570; *Commissioners of Saline County v. Anderson,* 20 Kan. 298, 27 Am. Rep. 171; *Benoit v. Auditors of Wayne County,* 20 Mich. 176, 4 Am. Rep. 382; *Demarest v. New York,* 147 N. Y. 203, 41 N. E. 405; *People ex rel. Swinburne v. Nolan,* 101 N. Y. 539, 5 N. E. 446; 8 Am. & Eng. Ency. Law (2d ed.), 814.

On the principal question, therefore, we think the judgment should be reversed. But if it were otherwise, there is another reason why recovery from the town cannot be had in this case. By statute the officer *de jure* may recover of the officer *de facto* the salary or fees of an office paid to the latter. Bal. Code, §§ 5785, 5788 (P. C. §§ 1439, 1442); *State ex rel.*

*Heilbron v. Van Brocklin,* 8 Wash. 557, 36 Pac. 495. In this case, as we have stated, the respondent did so recover. This was an election of remedies, and he cannot now have judgment against the town, merely because he failed in execution against his judgment debtor.

The judgment is reversed and the cause remanded, with instructions to enter a judgment for the appellant town of Harrington.

MOUNT, C. J., HADLEY, RUDKIN, DUNBAR, and CROW, JJ., concur.

ROOT, J., concurs in the result.