[No. 10989.   Department One.   April 9, 1913.]

H. A. FOSTER, *Respondent*, v. W. J. HINDLEY,
*Commissioner etc., et al., Appellants.*[1]

MUNICIPAL CORPORATIONS—OFFICERS—CIVIL SERVICE REGULATIONS —REMOVAL—POWER TO DISCONTINUE OFFICE.  Under § 24 of the Spokane charter providing that the council shall have the power to discontinue all offices and employments except certain enumerated offices, and § 55 providing for the suspension of employees by the heads of departments on filing charges, an office may be "discontinued" only by the council, and an attempted discontinuance by the mayor of the office of sanitary inspector in the health department, who was continued in office at the adoption of the new charter by § 53, is a nullity.

SAME—CHARTER PROVISIONS—ADOPTION—EFFECT ON OFFICERS CONTINUED IN OFFICE.  The adoption of the new city charter of Spokane in 1910 did not discontinue the office of sanitary inspector in the health department, where the new charter only reorganized the department, and by § 53 the new charter provided that employees within the scope of the article (including sanitary inspectors) who are in office at the time of the adoption of the charter shall retain their positions unless removed for cause, and they were afterwards placed in the classified civil service list and made permanent.

[1]Reported in 131 Pac. 197.

SAME—OFFICERS—SALARY OF WRONGFULLY REMOVED OFFICER.  A sanitary inspector who was wrongfully separated from his office may recover the salary for the period, where he held himself ready to perform his official duties, and it is immaterial that he declined other temporary employment tendered by the city.

SAME — OFFICERS — WRONGFUL REMOVAL — REMEDIES—APPEAL TO CIVIL SERVICE COMMISSIONER.  Under § 55 of the Spokane charter providing for the suspension of an officer for cause upon a hearing, and appeal therefrom, an officer removed by subterfuge of an unauthorized "discontinuance" of the office, without a hearing, is not required to appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered June 28, 1912, upon findings in favor of the plaintiff, in an action to recover an office and salary.  Affirmed.

*H. M. Stephens* and *Wm. E. Richardson,* for appellants.

*E. O. Conner,* for respondent.

Gose, J.—This action was brought to secure the restoration of the plaintiff to the office of sanitary inspector in the health department of the city of Spokane, and to recover the salary incident to the office during the period of separation. The mayor and the city have appealed from a judgment protecting the plaintiff in each of these alleged rights.

The findings, in substance, are as follows:  The respondent was appointed sanitary inspector in the health department of the city in the month of June, 1909, and continued until he was removed by the mayor on the 31st day of May, 1911. The city adopted a new charter on the 28th day of December, 1910.  The commissioners elected thereunder entered into office on the 14th day of March, 1911.  In April, 1911, respondent, as such inspector, was placed in the classified civil service in division B of the health department, class 4, grade 1, which position was "made permanent."  The classification was approved by ordinance.  On the 23d day of May, 1911, the city by ordinance added and appointed two inspectors in

addition to the three appointed under the previous charter and ordinances. On the 31st day of May following, there were five such inspectors, the respondent being the senior inspector in rank and period of service. On that day, the appellant Hindley, as mayor, notified him in writing that his office was "discontinued."

The appellants make three contentions: (1) That the removal was regular; (2) that the respondent was not entitled to recover his salary; and (3) that his remedy was by appeal to the civil service commission.

Section 53 of the new charter provides:

"Employees within the scope of this article [which included the respondent] who are in office at the time of the adoption of this charter shall retain their positions unless removed for cause."

Three sanitary inspectors were provided for by ordinance under the old charter. The ordinance was continued in force by § 119 of the new charter. Section 55 provides that any employee may be *suspended* by the head of the department under which he is employed. It requires the officer making the order to forthwith file with the civil service commission a statement of the suspension and the reasons therefor. The method of procedure in suspension cases was provided for by an ordinance passed on April 27, 1911. Section 24 of the charter provides that the council, after each general election, shall appoint certain enumerated officers not including health officers, and that it "shall have power to create and discontinue all other offices and employments from time to time and as occasion may require." The respondent was an employee "in office" at the time of the adoption of the charter, and the council, not the mayor, had the power to discontinue his office.

The appellants argue that the health department ceased to exist upon the adoption of the new charter. There was no hiatus in the passing of the city from the old charter to the

new. The city continued and remained the same entity. There was no abdication of any of the powers essential to orderly government. The health department was reorganized under the new system, but the necessity for sanitary officers was as exigent under the new charter as the old, and this necessity was recognized and these officers were placed in the classified civil service as required by section 53 of the charter. This had been done before the mayor sought to discontinue the office which the respondent held. The case is controlled by *State ex rel. Powell v. Fassett*, 69 Wash. 555, 125 Pac. 963.

The respondent, although wrongfully deprived of his office, held himself ready and willing to perform his official duties. Hence, he is entitled to his salary for the period during which he was unlawfully separated from his office. *Bringgold v. Spokane*, 27 Wash. 202, 67 Pac. 612; *United States v. Wickersham*, 201 U. S. 390. The fact that he declined a temporary employment tendered by the city does not militate against the enforcement of this right. *Reising v. Portland*, 57 Ore. 295, 111 Pac. 377.

Nor was the respondent required to appeal to the civil service commission under the provisions of § 55 of the charter. It has reference to suspensions for cause, not to a case of usurpation of authority. The mayor did not seek to suspend the respondent for cause, but resorted to the subterfuge of discontinuing the office. This power, as we have seen, is lodged in the council. The mayor's letter to the respondent states that "the office that you now hold is discontinued." In his letter of the same date addressed to the civil service commission, he reports that "in accordance with the provisions of rule 12 of the civil service rules, I make the following report of separation from this department. . . . Foster, Horace A., Sanitary Inspector, . . . Cause of separation, reduction of force." The act of the mayor was a nullity, and the respondent properly so treated it. *Chicago v. Gillen*,

222 Ill. 112, 78 N. E. 13; *Powell v. Bullis*, 221 Ill. 379, 77 N. E. 575.

The judgment is affirmed.

CROW, C. J., MOUNT, and CHADWICK, JJ., concur.

PARKER, J., concurs in the result.