[No. 10746. Department Two. June 10, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Thomas Cole, Respondent,* v. D. C. COATES, *Commissioner of Public Works of the City of Spokane, et al., Appellants.*[1]

MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL—CIVIL SERVICE REGULATIONS—NECESSITY OF CHARGES. Under a city charter providing for civil service, and that only day laborers may be removed without cause being shown, a "cross-walk foreman," which position had the attribute of permanency, cannot be removed without cause; and it is immaterial that the method of compensating for the services had been changed.

Appeal from a judgment of the superior court for Spokane county, Bell, J., entered February 24, 1912, upon findings in favor of the plaintiff, in *quo warranto*, after a trial on the merits. Affirmed.

*Harris Baldwin,* for appellant Rose.

FULLERTON, J.—The relator was removed, without cause being shown for such removal, from the position of "cross-walk foreman," in the city of Spokane, by the commissioner of public works of that city, and the appellant Rose was appointed to perform the same duties, although under the title of sub-street foreman. The relator brought this proceeding in *quo warranto* seeking to be restored to the position, and to recover the salary during the time of his ouster. He suc-

[1]Reported in 132 Pac. 727.

ceeded in the court below, and this appeal is prosecuted from the judgment entered in his favor.

The case is here upon the findings of fact made by the trial court. The findings are as follows:

"(1) That the said Thomas Cole was, in the month of July, 1909, appointed to the position of cross-walk foreman of the city of Spokane, Washington, and continued to hold and occupy the said position of cross-walk foreman up to and including the 31st day of March, 1911, at the monthly salary of $80 per month; that the said position so occupied by Thomas Cole is and was a subordinate position in the street department, and not the head of a department.

"(2) That the city of Spokane is a municipal corporation of the first class, organized under the laws of the state of Washington, and having a common charter, and that on the 28th day of December, 1910, by an election of the voters of the said city, did adopt a new charter, and among other offices of said city of Spokane is the position of commissioner of public works, and that D. C. Coates is now and has been since the 14th day of March, 1911, commissioner of public works of the city of Spokane, and under the provisions of said charter has supervision and control over the affairs of street and public works, including all the positions in said department.

"(3) That under the provision of article six of said charter of the city of Spokane, provision is made for a civil service commission; that all employes of the city of Spokane in office at the time of the adoption of said charter shall retain their positions unless removed for cause; that under the civil service provisions of said charter of the city of Spokane, the civil service commission, consisting of three members, constitutes the board, and that removal of any employe under the civil service provisions of said charter shall only be made by the said civil service commission after an employe has been suspended by the head of the department under which he is employed, charges preferred and an inquiry had before the said civil service commission; that said position of cross-walk foreman or sub-foreman was on April 1st, 1911, and ever since has been and is now within the civil service provisions and rules and regulations of said civil service commission.

"(4) That on the 1st day of April, 1911, the said D. C. Coates, commissioner of public works, did attempt to dismiss and discharge the said plaintiff from the said position of cross-walk foreman and did then and there strike the name of the said Thomas Cole from the pay roll of the city of Spokane, and did refuse to allow the said Thomas Cole to perform his duties as cross-walk foreman, and continue in the employment of the city of Spokane, and that said D. C. Coates, commissioner of public works of the city of Spokane, did not suspend the said Thomas Cole, or file a statement of the suspension with the civil service commission of the city of Spokane as required by said charter, but did attempt to dismiss and discharge said Thomas Cole by said act of striking his name from the pay roll, and refusing said Thomas Cole permission, or allowing said Thomas Cole to perform the duties of his said position, and that Thomas Cole was precluded from carrying on his said employment solely by the acts of the said D. C. Coates as commissioner of public works of the city of Spokane, and the administrative head of said department of public works and streets of said city.

"(5) That on the 1st day of April, 1911, the said D. C. Coates, commissioner of public works of the city of Spokane, did name and appoint the defendant James M. Rose to said position of cross-walk foreman in place of said Thomas Cole, and that said James M. Rose on the 1st day of April, 1911, entered upon said position and place and since has continued to fill and occupy the said position, and has withheld the said position from the plaintiff Thomas Cole, and has usurped the said position and employment, and that the said appointment of James M. Rose was illegal and void and in violation of the city charter, and without right or legal power of said D. C. Coates as commissioner of public works of the city of Spokane, to appoint the said James M. Rose to said position.

"(6) That after the 1st day of April, 1911, the city of Spokane, Washington, by ordinance duly passed, changed the compensation of said position of cross-walk foreman or sub-foreman to the sum of $3.25 per day; that the said position so occupied and held by said Thomas Cole up to and including March 31st, 1911, and occupied and held by the defendant James M. Rose from April 1st, 1911, up to and

including the time of trial of this said action, was and is the one and the same position, and which is now designated by ordinance of the city of Spokane as sub-street foreman, and was and is a subordinate position and not the head of a department, and that the duties of the said James M. Rose as sub-street foreman, and the work he performed and his employment was and is the same work and employment as performed by the said Thomas Cole before his attempted removal and discharge as hereinbefore set forth; that the court finds that the position of sub-street foreman in the street division of the department of public works of the city of Spokane is one and the same position that was formerly designated as cross-walk foreman, and that said Thomas Cole is entitled to be restored to the said employment and position of sub-street foreman of the street division of the department of public works of the city of Spokane, Washington, forthwith, and that said defendant James M. Rose be removed from the said position forthwith.

"(7) The court finds that from the 1st day of April, 1911, up to and including the 15th day of February, 1912, said defendant James M. Rose has received and drawn from the city of Spokane, Washington, in the said position as cross-walk foreman or sub-street foreman, the sum of $812.50, and that the said plaintiff Thomas Cole is damaged in the said sum in the loss of said salary, by the illegal usurpation of the said position and employment by the said James M. Rose, and that the said plaintiff is entitled to judgment against the said defendant James M. Rose for the sum of $812.50, and judgment for any unpaid salary due from the city of Spokane, Washington."

The provisions of the city charter applicable to the question involved are set forth in *State ex rel. Powell v. Fassett*, 69 Wash. 555, 125 Pac. 963. From an examination of these provisions, it will be observed that the only employees of the city subject to removal without cause being shown for such removal are day laborers. It will be observed, also, that prior to the change in the method of compensating the services performed by the relator (recited in the sixth finding of fact quoted), the position held by the relator was plainly not that of a day laborer. A day laborer is one whose en-

gagement to labor is but a day long (13 Cyc. 264), while this position had the attribute of permanency. As shown by the record, it has now existed for a longer period than two years, and still continues to exist.

Did the change in the method of compensating for the services change the nature of the employment? We think not. The employment is still continuous, and this fact, rather than the manner by which it is compensated, fixes its nature.

The judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and MORRIS, JJ., concur.