[No. 16309. Department Two. May 3, 1921.]

THE STATE OF WASHINGTON, *on the Relation of J. J. Wettrick, Respondent,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (88)—OFFICERS—REMOVAL—CIVIL SERVICE—ABOLITION OF OFFICE—GOOD FAITH. A qualified incumbent of a position or office under the classified civil service of a city cannot be legislated out of office by a change in the name of the office, the duties of the position remaining substantially the same as before the change.

MANDAMUS (89)—JURISDICTION—SCOPE OF INQUIRY. Mandamus is the proper remedy to restore to his former position an employee discharged in violation of the civil service laws, and to enforce payment of the salary attached to the office during the time he was separated therefrom.

Appeal from a judgment of the superior court for King county, Hall, J., entered December 28, 1920, restoring a city official to office in a mandamus proceeding. Affirmed.

*Walter F. Meier, George A. Meagher,* and *Charles T. Donworth,* for appellants.

*Preston, Thorgrimson & Turner* and *Wettrick & Wettrick,* for respondent.

MAIN, J.—This is an action in mandamus brought by the relator seeking to be restored to a civil service position, which he had held in the city of Seattle, and for the recovery of the salary attached thereto during

[1]Reported in 197 Pac. 782.

the time that he had been separated from the service. The position was formerly known as that of chief engineer in the office of superintendent of public utilities of the city, but the name was subsequently changed to that of superintendent of maintenance, and since the beginning of the action the title was again changed to that of railway maintenance engineer. The duties of the position covered the matter of superintending the construction work and the maintenance upon the street railway lines owned and operated by the city. The cause was tried to the court and resulted in findings of fact, conclusions of law and a judgment sustaining the relator's right to be restored to the position and also his right to the salary during the time that he had been separated from the service. From this judgment the respondent in the court below, the city of Seattle, the superintendent of public utilities, and the superintendent of railways of the city have appealed. The facts found by the trial court, and which are sustained by the evidence, are substantially as follows:

On April 1, 1912, the relator was duly appointed chief engineer in the department of public utilities in the classified civil service of the city of Seattle and continued to hold that position until March 22, 1920. On a later date, an ordinance was passed by the city council which abolished certain positions in the public utilities department and which named a position therein of superintendent of maintenance. The work of the position of superintendent of maintenance has, since the 22d day of March, 1920, been carried on and the position filled by the temporary appointment thereto of a person who has at no time passed the civil service examination for the position. The work done by the railway maintenance engineer is practically all comprised and included within the work formerly done

by the relator as chief engineer.  On the theory that the ordinance above referred to had abolished the position of chief engineer, and that the position of superintendent of maintenance was a different position, the city, through its officers in the public utilities department, refused to allow the relator to occupy the position and to perform the duties thereof.  The qualifications of the relator are conceded.  The court specifically found,

"that the work and duties to be performed under said position of superintendent of maintenance (now railway maintenance engineer) are identical with those heretofore discharged by the relator as chief engineer and the name of the position only has been changed so as to make the title thereof correspond more accurately with the duties performed."

The relator was, prior to the purported creation of the position of superintendent of maintenance, an employee of the city, having a civil service rating and classification making him eligible to appointment to, and the discharge of the duties of, such a position. Prior to the bringing of this action, the relator applied to the civil service commission for a hearing upon the question of his removal, and a hearing was denied him. Thereafter he brought this action as above indicated, seeking to be restored to the position and for the recovery of the salary during the time that he had been separated therefrom.  It is well settled that it is within the power of the city council to abolish a position in the classified civil service and thus separate an incumbent from the service and discontinue the salary thereof. *State ex rel. Voris v. Seattle,* 74 Wash. 199, 133 Pac. 11; *State ex rel. Burris v. Seattle,* 82 Wash. 464, 144 Pac. 695; *State ex rel. LaGrave v. Seattle,* 109 Wash. 629, 187 Pac. 339.

Under the rule stated, if the city council abolished the office of chief engineer and created a new one with new duties, the relator cannot complain. On the other hand, if what was done in effect was the change of name in the office only, and the duties of the office of chief engineer were substantially the same as those of superintendent of maintenance, the relator's position is well taken.

The trial court specifically found, and the evidence sustains the finding, that the work and duties to be performed under the two positions were identical and that the name of the position only had been changed. The relator, therefore, has a right to prevail under the holdings in *Foster v. Hindley,* 72 Wash. 657, 131 Pac. 197, and *State ex rel. Gilmur v. Seattle,* 83 Wash. 91, 145 Pac. 61. It is argued, however, that mandamus is not the proper remedy. In *State ex rel. Roe v. Seattle,* 88 Wash. 589, 153 Pac. 336, it was held that

"an employee discharged in violation of the civil service laws is entitled to be restored to his former position by mandamus."

It is also argued that since the city has paid the salary to the one performing the duties of the office a recovery therefor cannot be had in this proceeding. The right to recovery is sustained by the cases of *Foster v. Hindley,* and *State ex rel. Roe v. Seattle, supra.*

It is also suggested that the relator's remedy was to bring an action against the service commission and compel his restoration instead of a direct action to be restored to the office. The relator, not having been suspended or discharged for cause, but basing his action upon the usurpation of authority, had a right to proceed as in the present action. This is also determined in the *Roe* case, *supra.* The case of *State ex rel. Wol-*

*cott v. Boyington,* 110 Wash. 622, 188 Pac. 777, was a case where a civil service employee had been discharged for cause.

Under the facts shown by the record and the prior holdings of this court, the relator was entitled to be restored to the position and to recover the salary thereof.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.