[No. 18206.   Department Two.   December 13, 1923.]

BENJAMIN H. PETLEY, *Respondent*, v. THE CITY OF
TACOMA *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (65, 88)—OFFICERS AND EMPLOYEES—
APPOINTMENT—CIVIL SERVICE RULES—SELECTION—RIGHT TO POSITION.
Under civil service rules, contemplating the examination of eligibles
for any position, and the certification of at least three persons
qualified to fill the position, in the order of their excellence, one of
whom must be appointed, the commissioner of public works ob-
taining such an examination for the position of civil engineer in
connection with the construction of a hydro-electric power plant,
cannot, a year later, ignore the certification and the right of num-
ber one on the list of eligibles and appoint one who was certified as
number five on the list.

SAME (65, 88)—"DESIGNING" AND "HYDRAULIC" ENGINEER.   In
such case, the fact that number one on the list was certified as a
"designing engineer" and number five as "construction engineer,"
and the position to which number five was appointed was designated
as "hydraulic engineer" under an ordinance passed after the ex-
amination and fixing a different salary, is immaterial, where it
appears that a designing engineer must be also a hydraulic engineer,
and that number one on the list of eligibles was perfectly competent
as either; the "name" given to a position not being important.

SAME (65, 88)—DECLINATION OF POSITION.   The fact that the
position was originally tendered to number one on the list of eligibles
and declined because he was busy for a few weeks and unable then
to accept the appointment is immaterial, where the civil service
rules required that his name be carried on the list and the ap-
pointment was not made until a year later.

SAME (65, 88)—RESIDENCE OF EMPLOYEE—WAIVER.   The fact that
number one on the list of eligibles was and is a nonresident of the
city and had no right to take the examination under the rules, is
immaterial where the rules provided that the qualification of res-
idence could be waived and it was waived by the board on the
request of the commissioner.

SAME (65, 88)—UNSUITABLE PERSON—REMOVAL FROM LIST.   The
fact that the commissioner was not satisfied with the qualifications
of number one on the list of eligibles is immaterial, where the
right to remove a person from the eligible list, if he was not a

[1]Reported in 221 Pac. 579.

suitable person, was vested in the examining board, and it was the duty of the commissioner to report the fact to the board.

SAME (65, 88)—RIGHT OF INCUMBENT TO SALARY EARNED. One who was wrongfully appointed to a position under the civil service rules, in ignorance of the claim or right of another to the position, is not liable to such other for the salary paid to him for the services rendered to the city while performing the duties of the position.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 9, 1923, upon findings in favor of the plaintiff, in an action for an injunction and for appointment to a position held by another civil service employee of a city, tried to the court. Affirmed in part and reversed in part.

*P. C. Sullivan* and *Percy P. Brush,* for appellants.
*Stiles & Latcham,* for respondent.

BRIDGES, J.—This is a civil service case coming from the city of Tacoma.

The city was building, or preparing to build, an hydro-electric power plant to be located on the Skokomish river, in this state, and which will hereinafter be referred to as the Cushman Lake plant. It contemplated that, in the construction of this plant and in the preparation therefor, it would need the services of many experts, including engineers of various kinds. Having this plant in mind, the civil service board of Tacoma, in 1921, held a general examination for engineers, as provided by the charter of the city creating the civil service board and the rules promulgated for its guidance. One hundred and ten various engineers took this examination. Among the rest were the respondent Petley, whom the civil service board classified as number one, designing engineer, and appellant Torpen, classified as number five, construction engineer; the numbering indicates the standing resulting from the examination. In February, 1923, the appel-

lant Davisson, as commissioner of light and water of Tacoma, and to whom the city had entrusted the building of the Cushman plant, desired to make a somewhat extended investigation of the Skokomish river for the purpose of determining the amount of water to be found there at various seasons, the rapidity of the flow and amount of fall which might be obtained, and other similar features. He chose the appellant Torpen, designating him as hydraulic engineer, for the purpose of acquiring this information. This appointment was made in February, 1923. Shortly thereafter the respondent, deeming that he was entitled to the position which had been given to Torpen, brought this action, seeking to have the court enjoin the commissioner Davisson and the city of Tacoma from further employing Torpen in the position in question, and asking that it be given to him, and that he have a personal judgment against Torpen for the amount of the salary which the latter had drawn. The result of the trial was that the court entered judgment directing the commissioner to appoint the respondent to the position held by Torpen, and that the commissioner should be enjoined from thereafter certifying that Torpen should be entitled tó any compensation as hydraulic engineer in connection with the Cushman lake project, and giving the respondent personal judgment against Torpen in the sum of $580.36, with interest from April 18, 1923, that being the amount of compensation he had received from the city.

None of the various city ordinances in force when the civil service examination was held expressly provided for an hydraulic engineer, and probably the first ordinance expressly mentioning such a position was one passed a year or more after the examination was held; that was an ordinance fixing the compensation

of various kinds of engineers, including hydraulic. Appellants now claim that, under these circumstances, and also because he was classified only as a designing engineer, respondent is not in position to claim that he is entitled to be given a position as hydraulic engineer.

The civil service rules contemplate that, when some official of the city is desirous of employing some person to do a particular kind of work, he shall make application to the civil service board for an employee, and that it shall be the duty of the board to certify to him the names of at least three persons qualified to do the work desired, and that such certifying shall be according to the rule of excellence as shown by the examinations. The rules further provide as follows: "In certifying to requisitions the duties of the position to be filled, rather than the name by which it is called, shall be considered, and it shall be the duty of the board to inquire into the requirements of the position for which the requisition has been made, and to certify from the register of eligibles which in its judgment nearest conform to the requirements of the position to be filled." This court, in a number of cases, has held that the nature of the work to be done, and not the name given the position, is the controlling feature and determines the real rights of eligibles. *State ex rel. Cole v. Coates,* 74 Wash. 35, 132 Pac. 727; *State ex rel. Wettrick v. Seattle,* 115 Wash. 548, 197 Pac. 782.

The situation is clear enough. The commissioner desired an engineer to do a certain kind of work. It was his duty to ask the civil service board to certify to him three names for such work. Before making such certification, it was the duty of the board to inquire into the nature of the work and then certify to the commissioner three persons on the eligible list for the

position, and it would be the duty of the commissioner to give one of these three persons the position. The charter provisions were not carried out in any of these regards. The commissioner did not ask the board for such certifications and none were given in this particular instance. The commissioner selected Torpen without regard to the civil service board. The lower court found from the testimony that the respondent was, although classified by the civil service board as a designing engineer, fully competent to perform all the duties of an hydraulic engineer, and that one could not be a designing engineer and not also be an hydraulic engineer, and that, under the facts and the evidence in this case, had the commissioner asked for a certification of eligibles for the duties of an hydraulic engineer, it would have been the duty of the board to have certified first of all the name of respondent for that position.

But the appellants contend that the duties of an hydraulic engineer and of a designing engineer are entirely different, as indicated by the names, and that, since there was no classification on the list of eligibles designated as hydraulic engineers, the commissioner was not bound to ask for certification from the civil service board but might choose as he saw fit. To sustain this contention would be to entirely disregard the civil service provisions of the city charter. Generally speaking, we think the testimony shows that a designing engineer must be also an hydraulic engineer, and that the testimony also shows that the respondent was perfectly competent either as an hydraulic or a designing engineer, and that being first on the list he was entitled to perform the duties required of an hydraulic engineer in connection with the Cushman plant.

Nor does the fact that the designated position of hydraulic engineer and the compensation to be paid

were created and fixed by ordinance passed after the respondent took his examination deprive him of the right to insist upon the position of hydraulic engineer, so-called. He had taken his examinations, had shown his qualifications and whenever the position of hydraulic engineer arose, he was entitled to be considered in connection therewith. Doubtless the chief trouble originally arose because the commissioner of light and water was of the opinion that the civil service rules did not apply to the Cushman lake project. He especially so testified, and further said that he appointed Torpen to the position regardless of civil service rules.

Appellant commissioner contends that he complied with the charter provisions when, in March, 1922, he requested that the civil service board certify to him eligibles for the position of civil engineer, and that the name of the respondent was so certified and the position offered to him, but that he refused to accept it. At that time there was no ordinance designating the position of hydraulic engineer and fixing the compensation, but there was an ordinance concerning civil engineers which provided for a lower salary than that subsequently fixed for hydraulic engineers. This took place a year before the appellant Torpen was appointed as hydraulic engineer. But the respondent did not refuse to take the position which was tendered him in 1922. When it was offered he stated he was busy at that time and would continue to be for some weeks and for that reason was unable to accept the appointment so offered. The rules of the civil service provide that, when one who is certified is not given the position for which the certification is made, his name shall be re-established on the list of eligibles.

It is further contended that because the testimony shows that, at the time respondent took his examina-

tion, he was, and now is, a non-resident of the city of Tacoma, and that because thereof he had no right to take the examination and no right to be certified under any circumstances. It appears that the civil service rules provide that all civil service employees during their employment must be citizens of the state of Washington and residents of the city of Tacoma. But another rule provides that "the civil service board may waive the requirements of residence in examinations requiring professional knowledge or a high degree of manual skill upon request of the commissioner in charge of the department involved." The trial court found, and we think correctly, that commissioner Davisson requested that the rule concerning residence be waived in connection with the examination heretofore mentioned, and that the civil service board complied with that request and made its minutes of meeting show that the residence qualification had been waived.

The commissioner offered to prove that, before he employed Torpen, he knew that the respondent's name was first on the list of eligibles as a designing engineer, and that he made some inquiries concerning him and his ability and concluded from his investigation that, because of certain prejudices, the respondent was not a fit person to be given the important duties of hydraulic engineer. The trial court refused to receive this testimony and complaint of that ruling is made here. The ruling was right. It appears that one of the civil service rules authorizes the board, after examining and classifying an individual, to remove his name from the eligible list if it become satisfied that he is not a suitable person. If the commissioner thought that respondent was unfit for the position, it was his duty to have so reported to the board. Whatever may be

said concerning the wisdom or lack of wisdom of the civil service rules of the city of Tacoma, under any fair construction of them, it is not within the power of a commissioner of that city to employ persons in violation of them simply because he is of the opinion that the eligible is unfit for or unsuited to the position.

We think the respondent is entitled to perform the duties of hydraulic engineer in connection with the Cushman lake project, and in this regard the judgment of the trial court should be affirmed.

But we are of the view that the court erred in giving a personal judgment in favor of the respondent and against the appellant Torpen for the amount of salary earned by and paid to him, amounting to $580.36, with interest from April 18, 1923. Torpen has done nothing wrong; he is not a usurper. He was not guilty of laying or carrying out any scheme whereby he might obtain the position which belonged to the respondent. He merely accepted employment at the solicitation of commissioner Davisson. He performed his work and the city has had the benefit of it. There is nothing in the record to indicate that he even knew that the respondent claimed the position or wanted it. If he had been actively engaged in depriving the respondent of a position he claimed, then the situation might be materially different; as, for illustration, if he was holding an office of some character which the other was claiming and wrongfully refused to surrender it to that other, he might be required to surrender to that other the salary received by him, but that is not the situation here. He was not an official in any real sense of the word. To take his compensation from him would be a gross injustice.

The respondent cites the following cases in support of his personal judgment: *State ex rel. Powell v.*

*Fassett,* 69 Wash. 555, 125 Pac. 963; *State ex rel. Cole v. Coates, supra; State ex rel. Roe v. Seattle,* 88 Wash. 589, 153 Pac. 336. It must be conceded that inferentially two of these cases support his view. *State ex rel. Powell v. Fassett, supra,* was concerning the position of construction foreman on an undertaking carried on by the city of Spokane. The plaintiff held the position, but was discharged and one Burke took his place. He sued for reinstatement and for a judgment against Burke for such compensation as he had been paid. The lower court gave him judgment as prayed for. On appeal we did not discuss the salary matter further than to say, at the close of the opinion: "the appellant (plaintiff below) is entitled to a decree directing the commissioner of public utilities to restore him to office and to reinstate him upon the payroll of the city and to a judgment against respondent Burke for his compensation."

The case of *State ex rel. Cole v. Coates, supra,* was one where the facts were not materially different from those here, and the lower court reinstated the plaintiff and gave him a personal judgment against the defendant, who had been wrongfully doing his work. On appeal we did not discuss the question whether the money judgment against the defendant was justified. We did nothing more than affirm the judgment. It is quite true the question we are now discussing was involved in both of the foregoing cases, and it is also true that, by inference at least, we held that, in a case of this character, the plaintiff is entitled to recover of the employee defendant the wages he had been paid. We have re-examined the records in both of those cases and the briefs do not in any manner discuss this question. Under those circumstances we do not feel bound by those cases in so far as they affect the question now

under discussion. We are now convinced that they are wrong in so far as they, by inference or otherwise, hold contrary to the views here expressed. The case of *State ex rel. Roe v. Seattle, supra,* is not in point. We hold that respondent was not entitled to any money judgment against appellant Torpen.

The judgment also enjoined commissioner Davisson from thereafter certifying Torpen to be entitled to any salary or compensation from the city as hydraulic engineer in connection with the work being done on the Cushman project, and also enjoined the city and its officers from employing Torpen as a hydraulic engineer in connection with that work. Whether this portion of the judgment is too broad we do not decide, because no claim of error is made in that connection.

The judgment is affirmed so far as it requires commissioner Davisson to give the respondent the position described in the judgment, but it is reversed as to the money judgment in favor of respondent against appellant Torpen. Respondent will recover costs here against the city of Tacoma but not against appellant Torpen; neither will Torpen recover costs here of the respondent.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.