[No. 21467. Department Two. January 17, 1929.]

THE STATE OF WASHINGTON, *on the Relation of R. O. Allen, Respondent,* v. THE CITY OF SPOKANE, *et al., Appellants.*[1]

*J. M. Geraghty* and *Alex M. Winston,* for appellants.
*Bruce Blake* and *W. H. Merriam,* for respondent.

FRENCH, J.—The relator brought an action against the city of Spokane and its commissioner of public utilities and water superintendent to compel his reinstatement to the position of one of the assistant electrical engineers, or assistant hydraulic engineer, as the position he filled was designated, and for recovery of salary during the period of time he was separated from his employment.

The court found generally that the relator passed the civil service examination and qualified for his posi-

[1]Reported in 273 Pac. 748; 277 Pac. 999.

tion, and was appointed and began work on October 15, 1925; that in October, 1926, he was laid off because of a reduction in the number of employees. An appeal was taken from this order to the civil service board, and the lay-off was approved. On the same day that the appeal was determined, the relator was notified that his name headed the lay-off register and that he would be certified for the first vacancy. Thereafter the names of other persons were certified, but the court found that this was done inadvertently.

Thereafter an order was made by the civil service board directing the employment of relator, which order was disobeyed by the superintendent in charge, and thereafter this action was commenced, resulting in the granting of the writ as prayed for by the relator, and allowing him judgment against the city of Spokane for certain back wages. From the part of the order allowing back wages, the city appeals, and the entire matter has been brought to this court on the findings of fact only.

Our cases touching on the matters involved in this appeal have been carefully reviewed.

The first case touching in any way upon the subject is *Bringgold v. Spokane,* 27 Wash. 202, 67 Pac. 612, where we held that the right to suspend is not necessarily included in the right to remove, and that a suspended police officer of the city might recover pay from the city for the time during which he was wrongfully suspended.

The next case bearing on the controversy is *Samuels v. Harrington,* 43 Wash. 603, 86 Pac. 1071, 117 Am. St. 1075. We there held that where a town or city had in fact paid the salary of a *de facto* officer, while he was in possession of an office and performing the duties thereof, the municipality was not liable to the *de jure* officer, since reasons of public policy required the office

to be filled and salary payments to be made promptly by the disbursing officer. In this case neither the municipality nor any of its officers had taken any part in depriving the *de jure* officer of his office; also this was a question involving a statutory officer and not an employee.

Following this case we have *State ex rel. Powell v. Fassett,* 69 Wash. 555, 125 Pac. 963, wherein we held that the showing that the city of Spokane had paid the salary of an employee to one actually filling the position absolved the city from payment to the one entitled under the civil service rules to the position, and who had been wrongfully separated from his employment; also holding that the employee wrongfully discharged is entitled to recover judgment for back salary against the one who filled his position, basing the holding entirely upon *Samuels v. Harrington, supra.*

We then come to *Foster v. Hindley,* 72 Wash. 657, 131 Pac. 197. Here Foster, one of the sanitary inspectors of Spokane, had been removed from the office by the mayor, who, in the removal acted without authority. There were five sanitary inspectors provided by ordinance, and, as we gather from the opinion, Foster was the only one removed. The court said:

"The respondent, although wrongfully deprived of his office, held himself ready and willing to perform his official duties. Hence, he is entitled to his salary for the period during which he was unlawfully separated from his office. *Bringgold v. Spokane,* 27 Wash. 202, 67 Pac. 612; *United States v. Wickersham,* 201 U. S. 390. The fact that he declined a temporary employment tendered by the city does not militate against the enforcement of this right. *Reising v. Portland,* 57 Ore. 295, 111 Pac. 377."

In *State ex rel. Cole v. Coates,* 74 Wash. 35, 132 Pac. 727, we sustained a judgment reinstating the relator in

a civil service position from which he had been wrongfully separated, and allowed recovery of back salary from the employee who had been employed to fill the position during the time he had been separated therefrom.

The next in order is *State ex rel. Roe v. Seattle*, 88 Wash. 589, 153 Pac. 336. In that case the relator had been wrongfully discharged from the city employment by the health commissioner of the city of Seattle. We held that he was entitled to recover from the city his wages during the period he was wrongfully separated from his employment, holding that the position was not an office, and that no particular person was appointed and paid to do the work of relator, but that, as in the instant case, the labor was performed indiscriminately by some other civil service employees.

Next in order touching on the question here involved seems to be *State ex rel. Wettrick v. Seattle*, 115 Wash. 548, 197 Pac. 782. This was a mandamus case seeking to restore relator to his position and to recover his salary during the time he was separated from his employment. On behalf of the city it was claimed that the position had been abolished, but the work remained and had been performed by another person who had at no time passed the examination for the position. We said:

"The trial court specifically found, and the evidence sustains the finding, that the work and duties to be performed under the two positions were identical and that the name of the position only had been changed. The relator, therefore, has a right to prevail under the holdings in *Foster v. Hindley*, 72 Wash. 657, 131 Pac. 107, and *State ex rel. Gilmur v. Seattle*, 83 Wash. 91, 145 Pac. 61. . . .

"It is also argued that since the city has paid the salary to the one performing the duties of the office a recovery therefor can not be had in this proceeding.

The right to recovery is sustained by the cases of *Foster v. Hindley,* and *State ex rel. Roe v. Seattle, supra.*"

Chronologically, our next case touching the question here involved is *Petley v. Tacoma,* 127 Wash. 459, 221 Pac. 579. This was a case brought by relator against the city of Tacoma seeking to be placed in a certain position, and in which recovery of wages theretofore paid was sought against one, Torpen, who had been filling the position to which relator was entitled. No recovery of back wages was sought against the city, so that question was not discussed. Recovery was, by this court, denied against Torpen, who had been filling the position, holding that *State ex rel. Cole v. Coates,* 74 Wash. 35, 132 Pac. 727, and *State ex rel. Powell v. Fassett, supra,* were improperly decided on this point, expressly holding that no recovery can be had against the one who does the work and receives the pay therefor. As above stated, however, the question of recovery against the city was not in the case, as no such recovery was sought.

These matters, together with a number of our prior cases, were again discussed in *State ex rel. Weyant v. Seattle,* 127 Wash. 681, 221 Pac. 997. There we expressly held that the civil service employee, who had been wrongfully separated from his employment (the duties of his office being thereafter distributed among, and performed by, other employees indiscriminately, there being no particular person appointed to fill his identical position and perform his identical work) could recover back salary against the city for such time as the wrongful separation continued.

These are the principal cases which have in any way been called to our attention touching upon the matters involved in this appeal. Other cases touch upon, but do not discuss, the questions involved here.

The cases are not in harmony in so far as the expressions of opinion therein contained are concerned, and in some instances at least are directly in conflict as to the final conclusions reached.

We think that some of the confusion has arisen by treating civil service employment as an office. Offices are created by law, and the public good requires that they be filled and that payment for services performed by an officer be promptly made. This rule was recognized in the case of *Samuels v. Harrington, supra.*

On the other hand, the manifold activities of a municipality today require a vast number of employees, many of whom it has been deemed best to classify under civil service. They are not officers. They are employees only. The public generally is not interested in who does the work, and often, except as a matter of convenience, as to whether the work is done at all. If the employees of the water department, garbage department, light department, or any other department fail to perform their duties, the citizens can make other, though less satisfactory and less convenient, arrangements.

The situation of these employees is somewhat analogous to that of private employees who have been hired for a definite period of time, and who can only lose their employment under certain conditions, and for certain reasons. If under such circumstances a private employee is wrongfully discharged, the employer is liable. We think the same situation arises when the city wrongfully separates a civil service employee from his employment.

There can be no logic in the rule which permits recovery if, during the period of his separation, his work is performed by two or more persons, but does not permit recovery when the work has been performed by one person.

■ In the instant case the relator was discharged by lay-off order dated October 6, 1926. An appeal was taken and this order sustained by the commissioners. True, it is claimed the appeal was invalid and ineffective because not taken within ten days, and that therefore the order of affirmance was a nullity and that the court's findings in this case show conclusively that the lay-off was wrongful, and relator appeals from that portion of the judgment refusing to allow recovery of wages from the date of October 6, 1926.

The order of October 6, 1926, may have been wrongful, but, no appeal having been taken therefrom in the manner permitted by the charter, the order became final, and the removal became complete as of date October 6, 1926. At the hearing granted by the civil service board on November 7, 1926, any order made was probably void, but the discharge had become final prior to that date. *State ex rel. Hubbard v. Seattle,* 135 Wash. 505, 238 Pac. 1.

■ The question then arises as to when relator was entitled to his employment under civil service rules. The court found:

"That on February 11th, 1927, the Relator wrote a letter to the Commission reminding them of his position on the eligible list, and following this, at a meeting of the Commission March 16th, 1927, the certification of the three names made on February 5th, 1927, was rescinded, because the Commission found that the Relator was entitled to the first appointment and the defendant Lindsay was notified that Relator was entitled to the appointment, and on March 18th, 1927, the name of relator was certified to defendant Lindsay for the position of Assistant Hydraulic Engineer at the up-river pumping station. . . .

"That instead of appointing the Relator, in due course, which was the duty of defendant Lindsay, under the civil service rules, Mr. Lindsay wrote a letter to the Relator on the 24th day of March, 1927, to come in and

confer with him. In compliance to this letter the Relator called at Mr. Lindsay's office on the 26th of March, 1927, and at said conference Mr. Lindsay told the Relator that if he should appoint Relator he would immediately prefer charges against him, and the Relator asked two or three days to consider it, but Relator failed to see Mr. Lindsay further.

"That on April 16th, 1927, defendant Lindsay reported to the Commission that Relator had conferred with him as to the appointment and had asked two or three days, but had not presented himself for duty. This was referred back to Mr. Lindsay by the Commission, with the comment that it was neither an appointment nor a declination. Here the matter rested until September 20th, 1927, when relator wrote Mr. Lindsay and Hedger a letter requesting them to place him at work under his classification, which letter Mr. Lindsay transmitted to the Commission on September 26th, 1927.

"That the Commission considered this letter on September 29th, 1927, and directed the employment of Relator, which direction was conveyed to Hedger by letter of October 5th, 1927, that the Relator be appointed immediately. This letter was disobeyed by defendant Lindsay. The Relator was never employed thereafter but others, inferior to him in classification service, filled his place."

From these facts the court concluded:

"That the Relator is entitled to be reinstated of the date of October 5th, 1927, and is entitled to recover from the defendant, City of Spokane, wages at the rate of $155 per month."

That these findings of fact are correct is conceded. The city is contesting relator's right to recover back salary solely on the doctrine announced in the case of *State ex rel. Weyant v. Seattle, supra.* The facts in this case bring it squarely within the decision of the *Wettrick* case, *supra,* and also within the rule of the cases therein cited, possibly within the facts of the

Weyant case, but probably not within the language of that decision.

We now hold that the better rule is that, where a civil service employee has been wrongfully separated from his employment by reason of the acts of the officers of a municipality, he can in all cases recover his wages from the municipality during such period of wrongful separation.

The findings made by the trial court conclusively show that the civil service board, when the matter was finally presented to them, determined that relator was entitled to reinstatement, and on October 5, 1927, ordered and directed that he be "appointed immediately." This action on the part of the board was within the scope of its authority, and when the civil service board has lawfully exercised its functions the court will not go behind its findings and orders.

Non-employment by the city from and after October 5, 1927, was wrongful and for such wrongful action the wrongdoer is liable.

The judgment is therefore affirmed.

FULLERTON, PARKER, and MAIN, JJ., concur.

### ON REHEARING.

[*En Banc.* June 11, 1929.]

PER CURIAM—Upon a rehearing *En Banc,* a majority of the court adheres to the opinion heretofore filed herein. The judgment is therefore affirmed.