[No. 24092. Department Two. January 3, 1933.]

THE STATE OF WASHINGTON, *on the Relation of William
W. Buchanan, Respondent,* v. THE CITY OF
SEATTLE *et al., Appellants.*[1]

[1]Reported in 18 P. (2d) 3.

114

*A. C. Van Soelen* and *Glen E. Wilson,* for appellants.
*Revelle, Revelle & Kells,* for respondent.

TOLMAN, C. J.—Respondent, Buchanan, brought this action seeking a writ of mandamus to compel Edward Clifford, Edith E. Gattis and George P. Listman, as civil service commissioners, and J. D. Ross, superintendent of the lighting department of the city of Seattle, to induct him into the position of locomotive engineer; and against the city for salary accruing to the position during the period it was wrongfully withheld from him. He obtained a judgment directing the writ to issue and for salary from February 1, 1929, until such time as he may be established in the position. The city and the officers named appeal from that judgment.

The facts are not in dispute. In December, 1927, the city engineer advised the civil service commissioners that the city would need shortly a locomotive engineer for service on the Skagit river railway, and inquired if there was a list of eligibles for such a position. He was informed that there was no such classification, but that, if such employment were authorized, an examination would be held. February 6, 1928, the city council authorized the employment, and the com-

missioners classified it as, "Locomotive Engineer Class E Grade 3."

There was, during and prior to this time, an eligible list for the position of hoist and portable engineer, upon which appeared the name of Ernest J. King. The qualifications for such position, however, did not meet the requirements for locomotive engineer; nor is it necessary for one to be eligible for that position to have certain qualifications which are necessary for the position of locomotive engineer. The commissioners, being of the opinion that the eligible list for hoist and portable engineer more nearly met the requirements of the new position than any other classification, authorized one Currier to conduct an investigation of the qualifications of certain eligibles on that list. As a result of this investigation, it was determined that King was qualified for the position, and on February 17, 1928, the commissioners certified him to it with the following comment:

"This certification is made from the eligible list for hoist and portable engineer, Mr. King being the only eligible whose experience indicates that he can fill the position. . . ."

King resigned March 26, 1928, but he was later permitted to withdraw his resignation, and he was again certified for the position. He again went to work August 14, 1928, and has held the position ever since.

On August 23, 1928, the commissioners published notice of an examination to be held on September 19, 1928, for the position of locomotive engineer. This notice contained these words: *"Renewal of Eligible List;"* which, being interpreted, mean that there is no present vacancy in the position. It is to be noted here that there was only one position under the classification of locomotive engineer, and that was the one held by King.

The examination was postponed indefinitely, and was not held until December 31, 1928. That was the only examination ever held or given for the position of locomotive engineer. King did not participate in it. Buchanan did, and, as a result, his name led all the rest upon the eligible list compiled and set up by the commissioners on February 1, 1929. By reason of preferential rights as a veteran of the World War, he was entitled to have his name certified for the position if there was a vacancy.

The Seattle charter, Art. XVI, § 6, provides:

"All applicants for offices or places in the classified civil service shall be subjected to examination, which shall be public, competitive and open to all citizens of the United States . . ."

It would seem too clear for argument that King has no civil service status as "Locomotive Engineer." He did not participate in the only examination ever held for the position in compliance with the foregoing provision of the charter. The investigation made by Currier of his qualifications was not, nor was it designed to be, an examination in compliance with that provision. When the eligible list was made up from that examination, on February 1, 1929, whatever right King had to the position terminated. *State ex rel. Raines v. Seattle,* 134 Wash. 360, 235 Pac. 968.

It is contended by appellants that the eligible list lapsed on February 1, 1932, by operation of rule IV, § 9, of the civil service commission, which provides:

"All eligible lists resulting from original examinations shall be effective for two years . . . from the date of enrollment, provided that the commission may, before the expiration of the two year period, extend for not more than one year and only until a new list is obtained from examination, . . ."

The eligible list in this instance was extended for one year from February 1, 1931, and again for one year from February 1, 1932. Appellants cite *State ex rel. Strecker v. Listman,* 156 Wash. 562, 287 Pac. 663, holding that the commission can not violate its own rules. This, however, does not prevent it from construing them, providing they are subject to construction. The commission has, by practice, construed this rule to mean that it can keep the eligible lists alive over a period of years by extending them from year to year. We are in accord with this interpretation. *State v. Warburton,* 97 Wash. 242, 166 Pac. 615; *State ex rel. Cowles v. Schively,* 63 Wash. 103, 114 Pac. 901.

The appellants contend that, even though Buchanan was entitled to the position as of February 1, 1929, he is not, by reason of laches, entitled to relief by mandamus. It is argued that he can not, after standing by for three years and allowing King to hold the position and draw the salary, now come in and assert his right to the position and salary. Buchanan says that the only reason he did not assert his right sooner was because appellants misled him as to the situation.

It is true that the appellants have at all times taken the stand that King was legally employed as locomotive engineer. But at no time did any of them make any fraudulent representation as to how King was installed as locomotive engineer or as to his civil service status. Nor did any of them ever fraudulently conceal any fact or withhold any record from Buchanan, relating to his own or King's civil service standing and rating. All material facts were matters of record, and, as such, were available to respondent at all times.

He was at all times chargeable with knowledge of the record facts and of his legal right under the civil service. His right was to be certified by the civil ser-

vice commission for the position of locomotive engineer. That right had its inception in the eligible list of February 1, 1929. It was a continuing right as long as his name appeared at the top of that list. He did not lose it by mere lapse of time in asserting it. He is entitled to the position, and has been since February 1, 1929.

He claims that, having been entitled to the position on February 1, 1929, he is also entitled to the salary accruing to it from that time. He cites the following cases in support of his contention: *State ex rel. Powell v. Fassett,* 69 Wash. 555, 125 Pac. 963; *Foster v. Hindley,* 72 Wash. 657, 131 Pac. 197; *State ex rel. Roe v. Seattle,* 88 Wash. 589, 153 Pac. 336; *State ex rel. Wettrick v. Seattle,* 115 Wash. 548, 197 Pac. 782; *Petley v. Tacoma,* 127 Wash. 459, 221 Pac. 579; *State ex rel. Weyant v. Seattle,* 127 Wash. 681, 221 Pac. 997; *State ex rel. Beebe v. Seattle,* 148 Wash. 565, 269 Pac. 850; *Fosnaugh v. Seattle,* 167 Wash. 519, 9 P. (2d) 1110.

The case of *Petley v. Tacoma, supra,* is not in point, because there was no money judgment entered against the city. The others were all cases where the employee, having once been installed in a position, was wrongfully separated from it. It followed, therefore, that the employee was entitled to the salary for the full period of the separation. Here we have no question of *wrongful separation.* Buchanan has never held the position. It is true, he has had a right to it since February 1, 1929, but he at no time asserted that right until February 5, 1932, when he made demand on the civil service commission that his name be certified for it.

Counsel for Buchanan also cite *State ex rel. Allen v. Spokane,* 150 Wash. 542, 273 Pac. 748, 277 Pac. 999. In that case, Allen was separated from his position on October 6, 1926. The position was filled by others of

junior civil service standing until March 18, 1927, when the commission certified Allen to it. The superintendent of the department told Allen, if he insisted on being installed in the position, charges would immediately be preferred against him. Allen said he would think it over and see the superintendent in two or three days. He did not do anything further until September 20, 1927, when he wrote the superintendent a letter asking that he be put back to work. When this letter came to the attention of the civil service commissioners, they ordered the superintendent on October 5, 1927, to put Allen back in the position. It was held that the *wrongful separation* commenced on October 5, 1927, the court saying:

"We now hold that the better rule is that, where a civil service employee has been wrongfully separated from his employment by reason of the acts of the officers of a municipality, he can in all cases recover his wages from the municipality during such period of wrongful separation."

We think Buchanan has been *wrongfully* deprived of the position of locomotive engineer since February 5, 1932, the date he demanded that he be certified to it; and that he is entitled to the salary accruing to the position since then. This holding makes it unnecessary to discuss other questions which are raised.

The cause is remanded, with directions to modify the judgment in accordance with the views herein expressed.

STEINERT, MAIN, and BEALS, JJ., concur.