[No. 25264. Department Two. December 18, 1934.]

BENJAMIN H. ALLEN, *Appellant*, v. THE CITY OF SEATTLE *et al., Respondents*.[1]

*Revelle, Revelle & Kells,* for appellant.

*A. C. Van Soelen* and *Glen E. Wilson,* for respondents.

BLAKE, J.—Plaintiff brought this action to establish his right under civil service to the position of "operator of gas and electric shovels and derricks," and to recover salary for a period during which, he alleges, he was wrongfully separated from the position. After trial on the merits, the superior court made findings adverse to plaintiff. From judgment dismissing the action, plaintiff appeals.

[1]Reported in 38 P. (2d) 1008.

The essential facts are practically undisputed. May 8, 1925, appellant acquired civil service standing for the position of "auto repairman." He was employed in the public utilities department in such capacity until August, 1925. At that time, he was transferred to the water department, where he was employed in the same capacity. He was also employed part time as a gas shovel operator, although he had no civil service standing as such until May 5, 1926, when he was placed on the eligible list for that position.

June 5, 1926, he was appointed to the position of gas shovel operator "for intermittent service in the water department." This appointment was made with the express reservation that he should not lose his civil service standing as auto repairman. Thereafter, he continued in the service of the water department until July, 1932. During this period, he was employed in both capacities—as auto repairman and gas shovel operator, as the needs of the department required. As time went on, however, his employment as shovel operator increased, and his employment as auto repairman decreased. He was carried on the payrolls as a gas shovel operator, and received pay as such even for time put in as auto repairman, although the former position carried a higher wage than the latter. Obviously, the situation was much to his advantage, since, between the two positions, he received continuous employment.

Not until a time hereafter mentioned was he ever officially separated from his position as auto repairman. In June, 1932, however, he was laid off as gas shovel operator, because of lack of work and lack of funds. At the time of this lay-off, the superintendent of the water department declined to employ him as auto repairman, on the ground that he had at-

tained a regular position as gas shovel operator through long and continuous employment as such, and, by the same token, had lost his standing as auto repairman. The superintendent, for that reason, recommended to the civil service commission that appellant be separated from the position of auto repairman. Appellant thereafter wrote to the civil service commission as follows:

"Seattle, Washington.
"Civil Service Commission,      July 26, 1932.
"City of Seattle.
"Honorable Members:
"I hereby request investigation of lay-off of Auto Repairmen in Water Department.
"The Civil Service lay-off list shows me number three for lay-off and to my knowledge the first two men are still working.
"I reported for work July 14th and was told I was permanently laid off, and reported same to Commission at the meeting of July 20th.
"Yours truly,
"Benjamin H. Allen"

After a hearing, the civil service commission held that appellant had never been separated from his position as auto repairman. It accorded him seniority rights as such from May 8, 1925, regardless of his intervening service as gas shovel operator.

In January, 1933, appellant was laid off as auto repairman, because of lack of work and lack of funds. He then wrote the following letter:

"Seattle, Wash.
"Civil Service Commissioners,      January 25, 1933.
"County-City Building,
"Seattle, Wash.
"Honorable Commissioners:
"Will you please take up the matter of my seniority in the position of Operator of Gas and Electric

Shovels and Derricks in the Seattle Water Department.

"My service as Operator must be approximately six years:—about two years as Intermittent Operator, and over four years as continuous Operator.

"This will be confirmed by the Civil Service Records and the Water Department Records.

"If you will look over these records and make a decision as to my status, your consideration will be greatly appreciated.       Respectfully yours,

"BENJAMIN H. ALLEN"

After hearing had, the civil service commission declined to accord appellant civil service standing as a gas shovel operator. The appellant is here asking the court to establish his standing in that position.

The arguments have taken a much wider range than the problem, as we see it, warrants. It may be conceded that a man may maintain eligibility to two or more civil service positions. And for the purpose of the decision of this case only, it may be conceded that he may hold two positions concurrently under civil service. The question here is whether he may claim seniority rights interchangeably to *both* positions. No authority has been cited which, in our opinion, touches the question. An independent search for authority leads us to believe that the question is one of first impression.

Appellant contends that there is a clear analogy between positions under civil service and public officers. Reasoning from that premise, he argues that, since a public officer may hold two offices, if they are not incompatible, it follows that a civil service employee may hold two positions, if they are not incompatible. His conclusion is that he has the right at all times to claim his seniority rights in one or the other or both.

We have held certain civil service employees

to be officers. So it must be admitted that the analogy would seem persuasive of the right of the employee to hold two positions at the same time, were that our problem. But we do not think the conclusion follows that the employee may alternately claim seniority rights in both positions. To sustain such a claim would be subversive of the fundamental theory of civil service. That theory is two-fold, as we understand it: First, to render the employee secure in his position; and second, to render public service more efficient. We here refer to the employee, not as an individual, but the whole body of employees.

It does not seem to us that it lends at all to the security of the employees, in the mass, to permit any one of them to alternately claim seniority rights in more than one civil service position. Certainly, such a practice would tend to impair the efficiency of the service. For in every instance where one was entitled to exercise the right, there would be another whose position might constantly be imperiled by the threatened exercise of the right. With increasing numbers claiming the right, there would be increasing numbers whose positions would be menaced. Thus the fundamental purposes of civil service might easily become so seriously impaired as to render the system useless.

But there is a more specific reason why appellant should not now be permitted to establish seniority rights as gas and electric shovel operator. At a time when it seemed to be to his advantage, he sought and accepted seniority rights as auto repairman, using, to establish that seniority, time that he had been employed on the shovel. We think that this amounted to an election on his part—an abandonment of such seniority rights as he might have claimed, at that time, as a gas and electric shovel operator.

Appellant contends, however, that the election, if any, was made by him without full knowledge of his rights at that time. His rights were ascertainable from the records of the civil service commission. He was not misled or deceived in any way as to what his rights were or what the record disclosed. Under the circumstances, he was chargeable with knowledge of what the record was and what his rights were. *State ex rel. Buchanan v. Seattle,* 171 Wash. 113, 18 P. (2d) 3.

Judgment affirmed.

BEALS, C. J., MITCHELL, HOLCOMB, and STEINERT, JJ., concur.