[No. 21639. Department One. June 3, 1929.]

C. W. WHEELER, *Respondent*, v. FRANK NIXON et al., *Appellants.*[1]

*Forney & Ponder, Fred M. Bond, Herman Murray, Welsh & Welsh,* and *John I. O'Phelan,* for appellants.

*John J. Langenbach,* for respondent.

BEALS, J.—George H. Reizner in his lifetime owned and conducted moving picture theatres in Raymond

[1]Reported in 278 Pac. 156.

and South Bend. During the month of April, 1916, C. W. Wheeler, plaintiff herein, entered Mr. Reizner's employ as operator and assistant manager in connection with the South Bend theatre. The employment continued up to April 13, 1927, when Mr. Reizner died. Defendants having been appointed administrators of Mr. Reizner's estate and published notice to creditors, as required by law, plaintiff presented a claim against the estate which was rejected by defendants, whereupon, within the time limited by law, plaintiff instituted this action seeking judgment against the Reizner estate, alleging the fact of his employment by Mr. Reizner, and that it was agreed between plaintiff and the deceased that plaintiff should receive a certain agreed weekly compensation for his services and an additional amount equal to five dollars per week if plaintiff would remain in Mr. Reizner's employ continuously for a period of not less than fifteen years, all of this extra compensation to be payable at the close of the fifteen years, and all claim thereto to be forfeited in case plaintiff quit his employment within the fifteen-year period.

Plaintiff further alleged that, pursuant to this contract of employment, he remained with Mr. Reizner up to the date of the latter's death. He prayed for judgment for the sum of $2,670, which sum he claims as due him on account of the agreement whereby he was to receive extra compensation, or a bonus, as above set forth.

An action upon an alleged contract of a similar nature having also been instituted against the Reizner estate by Mr. W. T. Marcuson, the two actions were tried together, it being understood that the evidence introduced should be considered in the respective cases as the same should be material.

The trial resulted in judgment in favor of plaintiff and Mr. Marcuson, a separate judgment being entered in each case. From the judgment entered in the above-entitled action, defendants have appealed.

The very unusual contract sought to be established was not evidenced by any writing, and no direct evidence as to its terms was presented. There was some testimony to the effect that plaintiff was to receive, as a bonus at the end of fifteen years faithful service, the sum of $4,000, while plaintiff alleges in his complaint, and his allegation is supported by some testimony, that the amount of the bonus was to be computed on the basis of five dollars a week, which for fifteen years amounts to $3,900. No provision seems to have been made for such contingencies as respondent's illness or death, or the possible death of, or discontinuance of his business by, Mr. Reizner. Respondent called, as a witness on his behalf, Mr. W. T. Marcuson, the plaintiff in the other action against the Reizner estate, above referred to, who testified that he, having formerly been in the employ of Mr. Reizner, reentered such employment in 1913, and continued therein up to the date of Mr. Reizner's death. Mr. Marcuson testified that, while he did not know exactly what weekly salary Mr. Wheeler was to receive, he did know that Mr. Wheeler, if he entered Mr. Reizner's employ, was to receive a bonus in the sum of $4,000 if he remained in Mr. Reizner's employment for the period of fifteen years. The witness testified that he, at Mr. Reizner's request, wrote to Mr. Wheeler requesting him to come to South Bend and take charge of Mr. Reizner's theatre there. No such letter was introduced in evidence, the testimony being entirely by parol.

Several other more or less disinterested witnesses testified that they had been acquainted with Mr. Reizner, and that he had, on different occasions, stated

that he had had much trouble in procuring employees who would render him faithful service, and who would remain with him continuously, and that he was to pay respondent his weekly salary and also a bonus. One witness testified that Mr. Reizner had made him, just before the employment of Mr. Wheeler, a similar offer, but that he had refused it, whereupon Mr. Reizner had hired respondent. Respondent himself, recalled as a witness by appellants, testified in part as follows:

"Q. When you started to work, was Mr. Reizner living at Raymond at that time? A. He was. Q. At the time that you started to work for him, did he say anything to you personally about this bonus? A. He did not. Q. Did he say anything to you about it in Portland? A. No. Q. Did he say anything to you about it for a number of years? A. No. (Redirect examination by Mr. Langenbach): Q. What were the terms of your employment stated to you by Mr. Reizner? Mr. O'Phelan: We object to the testimony for the reason that it is repetition, that was discussed in the testimony in chief. Mr. Langenbach: Oh, no. A. There was no extraordinary terms of it, any more than there was a wage basis agreed upon. Q. What did he agree to pay you? A. It amounted to about one hundred dollars a month to start with. Q. Was there anything said about how long you were to work for him? A. No. Q. Now during the course of your employment under Mr. Reizner, did he ever discuss with you the terms of this bonus? A. No. Q. He never discussed that with you? A. No, my original claim will state under what circumstances that was."

There was no conflict in the evidence, the only testimony introduced by appellants being to the effect that they had assembled all the assets of the estate and all of Mr. Reizner's papers in connection with the business which he had conducted, and that they had not found any paper or memorandum of any kind referring to any bonus or additional compensation to be paid by Mr. Reizner to any of his employees.

■ There being no conflict in the testimony, this court is in a better position to pass thereon, than is the case where findings of fact are entered by the trial court upon contradictory evidence. It is true we have not the benefit of observing the witnesses and their manner of testifying which the trial court enjoyed, but a careful consideration of the testimony convinces us that the same, considered as a whole, is insufficient to justify any recovery on the part of respondent against the estate of George H. Reizner, or to establish liability on the part of the estate upon such a contract as respondent alleges existed between him and the deceased.

We conclude, therefore, that the trial court erred in granting judgment in respondent's favor and the judgment appealed from is reversed with directions to dismiss the action.

FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.